Nov. Term,
1858.

Douglass
v.
Howland.

Wednesday,
February 16,
1859.

---

Douglass and Others v. Howland.

Suit upon a bill of exchange drawn for 5,000 dollars. Judgments for 5,000 dollars and upwards against the drawee, being the whole sum due on the bills, and for 3,000 dollars and upwards against the indorsers, being the amount for which they were liable. The judgments provided that any payment made upon either of them should operate as a payment *pro tanto*, upon the other. *Held*, that it could not be objected that the aggregate of the judgments was greater than the amount for which the defendants were liable.

*Held*, also, that under the code, as formerly in chancery, the Court may adapt its judgment to the different liabilities of the defendants.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Suit upon a bill of exchange reading thus:

" $5,000.                    *Indianapolis, September* 10, 1857.

Ninety days after date, pay to the order of *James Blake*, Esq., five thousand dollars, at the bank of *Swift, Ransom*

*& Co., New York,* value received, and charge the same to account of *R. A. Douglass, Ind.*

To *Peter A. Douglass,* No. 241, *Broadway, New York.*"
Indorsed *"James Blake, James Vanblaricum."*

The suit is brought by *John D. Howland,* the holder of the bill. The drawee was not served with process, and is not a party.

The defendant answered, and the plaintiff replied. The issues were of fact, and were tried by a jury, who found for the plaintiff the whole amount of the bill as against the drawer, and a part of the amount as against the indorsers, and the Court entered judgment accordingly. The evidence is not upon the record, and there was no ruling of the Court to which the defendants excepted below, and none of which they complain, as appellants, in this Court, except the rendering of judgment against them. They appealed to this Court, obtained an order to stay execution, and gave a bond pursuant to the order.

A motion is now made to the Court to require further security on said bond, or a new bond, on the ground that the surety given has, since the execution of the bond on file, sold his property and removed to a distant state.

Without deciding upon the power of the Court to require such further bond, we prefer, as the case is a plain one, to dispose of it, rather than of the question as to the additional security.

As we have said, the only objection is to the judgment.

It is contended that the mode in which it is rendered makes it amount, in fact, to two judgments, one for 5,000 dollars and upwards against the drawer, being the whole sum due on the bill, and another for 3,000 dollars and upwards against the indorsers, being the amount of the bill for which they were found liable, thus making an aggregate of a greater sum than the plaintiff is entitled to. But this objection is answered by a reference to the judgment itself, which contains this clause, viz.: "That any payment made upon either one of the judgments, shall operate as a payment and discharge, *pro tanto,* upon the other."

Again, it is contended that the Court could not render a

judgment for different amounts against different defendants, but that it was bound to enter a joint judgment for the same amount against all the defendants.

A Court of chancery always had power to adapt its judgment in a cause to the different liabilities of the defendants. The same flexibility is now given to the proceedings at law, as formerly existed in those in chancery, and a Court of law may now adapt its judgment in a cause to the respective liabilities of the parties. 2 R. S. p. 121.

Whether it was rightly done in this case, we cannot determine, because we have not the facts. We can here only decide the question of power, and must presume it to have been rightly exercised where it exists, in the absence of anything appearing to the contrary. Should we be called upon to express an opinion in this case, from what appears in the record, we should be compelled to say the error was, if any, in not rendering a judgment against all the defendants for the full amount of the bill. But as this error is in favor of the appellants, it is presumed they will not desire us to correct it.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages, as to the defendants who filed a bond to stay execution, and with costs as to all.

*H. C. Newcomb, J. S. Tarkington, J. L. Ketcham,* and *I. Coffin,* for the appellants.

*L. Barbour* and *J. D. Howland,* for the appellee.