*Walter March,* for the appellant.

*C. E. Shipley,* for the appellee.

---

Morton's Administrator *v.* The State, *ex rel.,* &c.

Error assigned in this Court, but not noticed in his brief by the party making the assignment, will not be considered by this Court.

Alleged errors below, not presented in any form to the consideration of the lower Court, will not be available here.

Morton's Adm'r *v.* The State, &c.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—This was an action by the State on the relation of *William Brumfield*, *Abigail Hunter* and others, heirs and legatees of *Thomas Brumfield*, deceased, against *John Pritchett*, administrator *de bonis non*, with the will of said deceased annexed, and *William S. T. Morton*, the surety of *Pritchett* on his administration-bond. The bond is conditioned in the usual form, for the faithful discharge of the duties of the administrator.

The complaint alleges these facts: *Thomas Brumfield* died in 1841, leaving a will, which was in that year duly admitted to probate. This will is made a part of the complaint, and contains these provisions: "It is my will that my debts, funeral expenses, &c., be first paid, and that all the rest and residue of my estate, real and personal, be sold, and when converted into money, I devise and bequeath the same as follows: 1. To my nephew, *Thomas Brumfield*, I bequeath 1,000 dollars. 2. After the payment of all my debts and expenses, and legacy above named, it is my will that all my estate remaining, be divided into ten shares, which I devise and bequeath thus: To each of my nephews, *William*, *Jesse*, *Benjamin*, *John* and *Samuel Brumfield*, one share each; to my neices, *Mary Parret*, *Hannah Hunter*, and *Abigail Hunter*, one share each; to the heirs of the body of my niece, *Nancy Gilmore*, one share; and to the heirs of my niece, *Diana Hodges*, one share."

On the 21st of *June*, 1847, *Pritchett* was appointed administrator *de bonis non*, with the will annexed, and gave bond with one *John E. Dunham* as his surety. After this, on the 29th of *January*, 1859, *Dunham*, the surety, having left the State, and having been absent therefrom more than eight years, *Pritchett*, by order of the *Wayne* Common Pleas, executed a new administration bond, being the same now in suit, and upon which said *Morton* is surety. At the *April* term,

1859, of that Court, *Pritchett*, as administrator, having been, on motion of the present relators, ordered by the same Court to do so, made a final settlement of the testators' estate, whereby it appears that after the sale of the land mentioned in the will, and all the debts, expenses, and legacy of 1,000 dollars therein named, were fully paid by the administrator. There remained in his hands a balance of 1,845 dollars for distribution among said legatees and heirs, under the provisions of the will. It is averred that the relators, prior to the commencement of this suit, demanded of said administrator the sum so in his hands, but he refused payment, and has converted and disposed of the same to his own use; and further, it is averred that he has failed to use due diligence in collecting the claim due the estate, and has failed in taking solvent security for moneys arising from the sale of the decedent's property. Wherefore judgment is demanded, &c. The defendants demurred to the complaint; but their demurrer was overruled, and thereupon they answered by a general denial. The issues were submitted to the Court, who found specially as follows: 1. That the relators are the legatees of the will of *Thomas Brumfield,* deceased. 2. In the year 1847, *John Pritchett* was appointed administrator *de bonis non* with the will of said deceased annexed, gave bond, and entered upon the duties of the trust. 3. That *John E. Dunham,* the surety on said bond, having removed from the State, *Pritchett,* on the 29th of *January,* 1859, by order of the Common Pleas Court of *Wayne* county, gave a new bond, with *William S. T. Morton* as his surety. 4. On the 29th of *April,* 1859, *Pritchett,* as administrator, made a settlement of the decedent's estate, and filed his account current in said Court; by which he charges himself with a final balance of assets belonging to said estate, after the payment of all debts, charges, and allowances, of 1,845 dollars. 5. That of the balance so charged against the administrator, 400 dollars was then due from one

Morton's Adm'r *v.* The State, &c.

*John P. Doughty* on a judgment long previously rendered; also, there was another charge of 1,231 dollars, which was money that had been received by one *John Jack*, as agent of the administrator, on lands sold belonging to said estate; which sum the said *Jack* had been permitted to convert to his own use, prior to the filing of the bond of *Pritchett* with *Morton*, as his surety, and which sum had never been in the hands of said administrator since the execution of said bond. 6. That the residue of said 1,845 dollars, viz: the sum of 214 dollars, was in the administrator's hands on the 29th of *April*, 1859, the date of said settlement. 7. *Pritchett*, the administrator, after the filing of the bond with *Morton* as security, and before the bringing of this suit, could have collected the judgment against *Doughty*, by reasonable diligence; but he negligently failed to do so. But since this suit was commenced, *Doughty* has paid the same to *Pritchett*, amounting to 414 dollars, which is now in his hands. The Court, therefore, found against *Pritchett* and *Morton* jointly, as follows:

| | |
|---|---:|
| Balance on hand, *April* 29, 1859,.......................... | $214 00 |
| Interest on the same to date,............................... | 10 00 |
| Amount received of *Doughty*,.............................. | 414 00 |
| Interest on same from *October* 1, 1859,.................. | 10 55 |
| | $648 55 |
| Ten per centum on the above,............................. | 64 86 |
| | $713 31 |

Against *Pritchett* alone, the Court also found thus:

| | |
|---|---:|
| Amount converted by *John Jack*,........................ | $1,231 00 |
| Interest from the 29th of *April*, 1859,.................. | 63 39 |
| | $1,294 39 |
| Ten per centum on the same,............................. | 129 45 |
| | $1,423 84 |

The defendants severally moved for a new trial; but their motions were overruled, and final judgment rendered upon the findings, &c. The causes for a new trial are thus assigned: 1. The overruling of the demurrer to the complaint. 2. The finding of the Court is unsustained by the evidence, and is contrary to law. 3. There is no evidence that the plaintiffs are the legatees named in the will. 4. The findings are for too large a sum.

The action of the Court in overruling the demurrer, though assigned for error, is not noticed in the appellant's brief, and will not, therefore, be noticed in this Court further than to say that the complaint appears unobjectionable. See Rule 28, Ind. Dig. 122. The 2d and 3d assigned causes for a new trial, as we have seen, relate exclusively to the sufficiency of the evidence. We have carefully examined the evidence, and are of opinion that it sustains the special findings of the Court. Nor do we perceive any ground for the conclusion that the general findings are excessive. It is contended: 1. That the Court erred in finding jointly, and rendering a joint judgment in favor of the relators. 2. That it was error to find severally, and render several judgments against the defendants. These alleged errors are not available; because the points which they involve do not appear to have been presented in any form to the consideration of the lower Court. Indeed, it is not very easy to see how a joint, instead of a several judgment, in favor of the relators, can in any degree affect the rights of the defendants. And the several judgments against them, are authorized by the code. 2 R. S. p. 121; *Douglass* v. *Howland*, 11 Ind. 554.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*O. P. Morton, J. F. Kibbey, J. S. Newman* and *J. P. Siddall*, for the appellants.

*Thomas Means*, for the appellees.