(November 20, 1895.)

## BALFOUR v. EVES.

[42 Pac. 508.]

APPEAL—MOTION TO DISMISS — ORDER AFTER JUDGMENT. — To be effectual, an appeal from an order after judgment must be taken within sixty days after the order is made and entered in the minutes of the court or filed with the clerk.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

George W. Goode, for Appellants.

Where a mortgage conflicts with the terms of the note, or is uncertain, the note will govern. (*Bank of San Luis Obispo v. Johnson,* 53 Cal. 99; 2 Jones on Mortgages, 3d ed., 1179.) The term "period of days" in the mortgage is too indefinite and uncertain. The action was undoubtedly premature, and all that plaintiffs are entitled to is judgment for the sale of so much of the land as will settle the interest not mentioned. (*Hunt v. Dohrs,* 39 Cal. 304.) Actions brought for default of interest under an option clause in the note or mortgage must be brought within a reasonable time after default or the right is waived. (*Crossmore v. Page,* 73 Cal. 213, 2 Am. St. Rep. 798, 14 Pac. 787; *Dean v. Appelgarth,* 65 Cal. 391, 4 Pac. 375.)

Forney, Smith & Moore, for Respondents.

"An appeal may be taken to the supreme court from a district court from any special order made after final judgment within sixty days after the order is made and entered on the minutes of the court or filed with the clerk." The notice of appeal in the present case was served upon the attorneys for the respondents on the twenty-seventh day of June, 1895, and was filed with the clerk of the lower court on the twenty-eighth day of June, 1895, more than sixty days after the order appealed from had been made and entered and filed with the clerk. (Rev. Stats., sec. 4807; *Childs v. Kincaid* (Cal.), 30 Pac. 525.) And the failure to take the appeal within the sixty days prescribed by the statute goes to the jurisdiction of this court to hear the same. (*Estate of Fisher,* 75 Cal. 523, 17 Pac. 640; *Schiller v. Small,* ante, p. 422, 40 Pac. 53, and cases cited.) The order refusing to open up default was filed November 8, 1894, and the appeal from said order was filed and served on June 28, 1895, more than sixty days after the order had been made. This service was not within the sixty days given by the statute within which to appeal from a special order made after judgment. An order refusing to open up a default is such an order. That which is required by the statute cannot be dispensed with by the court, and without these requirements of the statute are complied with, this court has no jurisdiction. (*Tootle v. French,* 3 Idaho, 1, 25 Pac. 1091; *Clarke v. Lowenberg,* 1 Idaho, 655.)

SULLIVAN, J.—This is an appeal from the judgment, and from an order made after judgment refusing to open the default entered against the defendants, and refusing to vacate and set aside the judgment.

The respondents moved to dismiss the appeal from said order on the ground that said appeal was not taken in time. The order refusing to set aside the default and judgment were made and entered on the eighth day of November, 1894, and the appeal taken on the twenty-seventh day of June, 1895. This being an order made after final judgment, the appeal, to be effectual, must have been taken within sixty days after the order was made, and entered on the minutes of the court, or filed with

the clerk. (See Rev. Stats., sec. 4807.) As that was not done, the appeal from the order was not taken in time, and must be dismissed.

This leaves for consideration the appeal from the judgment, which is here on the judgment-roll alone; and, as we find no error on the face of the record, the judgment of the court below must be affirmed; and it is so ordered, with costs in favor of respondents.

Morgan, C. J., and Huston, J., concur.