(May 3, 1910.)

## CLORA MARKLE DAHLSTROM, Plaintiff, and PORTLAND MINING CO., Defendant, Appellants, v. A. H. FEATHERSTONE, Petitioner, et al., Respondents.

[110 Pac. 243.]

APPELLATE PRACTICE—ORDER AFTER FINAL JUDGMENT—FINAL JUDGMENT—ATTORNEY'S FEE—ATTORNEY'S CHARGING LIEN—EQUITABLE LIEN ON JUDGMENT—PROCEDURE FOR ACQUIRING LIEN.

(Syllabus by the court.)

1. Where a final decree has been entered in a foreclosure suit awarding judgment and attorney's fees in favor of the creditor, and thereafter the judgment is satisfied of record by the judgment creditor in the manner provided by statute, and the court, on motion of the attorney who procured the judgment, vacates and sets aside the satisfaction of judgment and enters an order or judgment adjudging the attorney to be the equitable assignee of the judgment in the amount of fees still due him, and ordering an execution to issue out of the original action in favor of the attorney, such a judgment or order is a final judgment within the purview and meaning of subd. 1, sec. 4807, Rev. Codes, and an appeal may be prosecuted therefrom within one year from the entry of such judgment.

2.   A judgment in .a foreclosure suit awarding attorney's fees to the judgment creditor may be collected in full by the judgment creditor, and satisfaction thereof may be entered by him in conformity with the provisions of sec. 4461, Rev. Codes, unless the attorney has previously given notice to the judgment debtor and taken steps for the purpose of establishing the equity of his lien and having the same lay hold upon the original judgment procured by him for the security and payment of the fees earned by him in obtaining the original judgment.

3.   In the absence of notice that the attorney's fees have not been paid and that the attorney claims a lien on the judgment for that purpose, the judgment debtor is authorized and protected in paying the entire judgment to or settling it with the judgment creditor.

4.   Where a judgment has been satisfied of record in conformity with the provisions of statute, sec. 4461, Rev. Codes, the attorney who procured the judgment and who has failed and neglected to take any steps for the purpose of fastening the equity of his lien upon the judgment cannot bring the parties into court by the service of a notice and motion on the attorneys who represented the respective parties in the original action and by service of a notice through the mails on his quondam client.

5.   Where an attorney who has not been paid his fees for procuring a decree of foreclosure of a mortgage seeks to have the satisfaction of the judgment vacated and set aside and execution issue in his favor for the amount of his unpaid fees, on the grounds that such judgment was satisfied through fraud and collusion between the judgment debtor and judgment creditor for the purpose of defrauding him out of his fees, he is under the necessity of establishing the amount of fees still due him as against the client and of establishing the charge of fraud and collusion as against both his client and the judgment debtor, and the parties are entitled to their day in court for the purpose of joining issue and having a hearing thereon.

APPEAL from the District Court of the First Judicial District, for the County of Shoshone.   Hon. R. T. Morgan, Judge.

Petition and motion by respondent, A. H. Featherstone, to have the equity of his lien for attorney's fees established as a charge against a judgment procured by him, and to have the satisfaction of that judgment vacated and set aside on the grounds of fraud and for an execution on the original

judgment. Judgment entered in favor of the petitioner, and the judgment debtor and one of the judgment creditors appeal. *Reversed.*

A. G. Kerns, for Appellants.

One cause of action cannot be grafted on to another to hold parties before a court indefinitely. (*French Trustee v. Hay,* 22 Wall. (U. S.) 245, 22 L. ed. 854.)

The owner of a judgment may receive property, securities, or any other thing of value in satisfaction of the same, if he so chooses, and when he has once accepted any substitute for money, his acceptance becomes irrevocable. (2 Black on Judgments, 987.)

Unless an attorney has an interest in or lien upon a judgment, his client may, in good faith, settle and compromise the same in any manner he chooses, without consulting the attorney, and he has no right to interfere with or prevent such settlement. (*Wagner v. Goldschmidt,* 51 Or. 63, 93 Pac. 689; *Day v. Larsen,* 30 Or. 247, 47 Pac. 101; *Stearns v. Wollenberg,* 51 Or. 88, 14 L. R. A., N. S., 1095, 92 Pac. 1079; *Wolfe v. Lewis,* 19 How. (U. S.) 280, 15 L. ed. 643; *Platt v. Jerome,* 19 How. (U. S.) 384, 15 L. ed. 623; *Wright v. Ellison,* 1 Wall. 16, 17 L. ed. 555.)

Payment produces a permanent and irrevocable discharge, after which the judgment cannot be restored by any subsequent agreement, nor kept on foot to cover new and distinct engagements. (2 Freeman on Judgments, 466.)

In Idaho as in California there is no statute giving an attorney a lien upon, and therefore an interest in, a judgment; and the attorney must consequently recover for his services in the ordinary mode. The "ordinary mode" is by an action against his client, and not against the judgment debtor. (*Ex parte Kyle,* 1 Cal. 332, and cases cited.)

Mr. Featherstone was never a party to the suit, and was not made so by intervention. He could not intervene after judgment. (1 Black on Judgments, 219; *Seamster v. Blackstock,* 83 Va. 232, 5 Am. St. 262, 2 S. E. 36.)

The only adequate and proper remedy in such case is by a separate action where all parties claiming an interest are brought before the court. (*Mayer v. Sparks*, 3 Kan. App. 602, 45 Pac. 249; *McCutcheon v. Allen*, 96 Pa. 319.)

Gray & Knight, W. K. Shissler, and Carlton Fox, for Respondents.

Attorney's fees may be awarded where the mortgage provides therefor, and when awarded, constitute a lien upon the property foreclosed. (*Stockton Sav. & L. Soc. v. Donnelly*, 60 Cal. 481; *Broadbent v. Brumback*, 2 Ida. 366, 16 Pac. 555; *Warren v. Stoddard*, 6 Ida. 692, 59 Pac. 540; *Porter v. Title Guaranty & Surety Co.*, 17 Ida. 364, 106 Pac. 299; *Gray v. Denhalter*, 17 Utah, 312, 53 Pac. 976.)

The attorney is the equitable assignee of a judgment or decree, to the extent of the attorneys' fees therein allowed. (*Loofbourow v. Hicks*, 24 Utah, 49, 66 Pac. 603, 55 L. R. A. 874; *Newbert v. Cunningham*, 50 Me. 231, 79 Am. Dec. 612; 3 Am. & Eng. Ency. of Law, 2d ed., 458, subd. "f.")

A court of equity will protect its attorneys in any lien or equitable interest which they may have acquired for attorneys' fees in a judgment. (*Gray v. Denhalter, supra*; *Stearns v. Wollenberg*, 51 Or. 88, 92 Pac. 1079, 14 L. R. A., N. S., 1095; *Exhibition Co. v. Crane*, 167 N. Y. 505, 60 N. E. 768; *Curtis v. Richards*, 4 Ida. 437, 95 Am. St. 134, 40 Pac. 57; *Goodrich v. McDonald*, 112 N. Y. 157, 19 N. E. 649, at p. 653; *Weeks v. Wayne Circuit Judges*, 73 Mich. 256, 41 N. W. 269; *Falconio v. Larson*, 31 Or. 137, 48 Pac. 703, 37 L. R. A. 254; *Curtis v. Railroad Co.*, 118 Mo. App. 341, 94 S. W. 762; *Carpenter v. Myers*, 90 Mich. 209, 51 N. W. 206; *Potter v. Hunt*, 68 Mich. 242, 36 N. W. 58; *Phelps v. Mutual Reserve Life Fund Assn.*, 112 Fed. 453, 50 C. C. A. 339.)

The case of *Mahone v. So. Tel. Co.*, 33 Fed. 703, is very instructive on the question of when a party, dealing with property in litigation, has constructive notice of an attorney's lien thereon or equitable interest therein for fees. (See, also, *Covington v. Bass*, 88 Tenn. 496, 12 S. W. 1033.)

AILSHIE, J.—A motion has been made to dismiss this appeal on the ground that it was not taken within sixty days after the order or judgment was made. The order or judgment from which the appeal has been prosecuted was made in the case of Clora Markle Dahlstrom, Plaintiff, v. Portland Mining Co., Alvan Markle and Markle Banking and Trust Co., Defendants, and some three years after the rendition and entry of the original judgment. The order involved in this appeal was made and entered on July 3, 1905, and directed that the satisfaction of the original judgment which had been made and entered be vacated and set aside, and that Albert H. Featherstone, who had been the attorney of record for the defendant and cross-plaintiff Alvan Markle in the original action, was "the equitable assignee of the Markle judgment . . . . to the amount of $5,987.24, together with the interest thereon at the rate of seven per cent per annum from the 5th day of December, 1902," the latter date being the date of the original judgment.

The order or judgment from which this appeal is taken also adjudges and decrees that Alvan Markle, defendant and cross-plaintiff in the original action, is indebted to Featherstone in the sum named, and that an execution issue in the original action in favor of Featherstone and against the defendants in the sum named, and that the property described in and covered by the original decree be sold to make the amount named. While this order or judgment, whichever it may be called, is entitled in the original action and in that sense is an order made after final judgment, still in effect and as a matter of fact it is a judgment in favor of Featherstone, who was not a party to the original action, and adjudicates his rights and demand as against both the plaintiff and defendants in the original action, and the order or judgment of the court should, therefore, be treated as a final judgment for the purposes of allowing the party aggrieved to prosecute his appeal within the statutory period of one year as provided by subd. 1 of sec. 4807, Rev. Codes.

The same order was before this court on *certiorari* in *Dahlstrom v. Portland Mining Co.,* 12 Ida. 87, 85 Pac. 916, and

the court by unanimous opinion, in speaking of the scope and
effect of this order, said: "It appears from the record before
us that the time has expired for an appeal from the order of
July 1, 1905, but it appears that a decree of judgment was
entered after said order was made. An appeal may be taken
from that judgment within a year after the entry thereof."

The motion to dismiss the appeal is denied.

The judgment and decree rendered in the original case was
for foreclosure of a mortgage or trust deed, and decreed a
recovery by Clora Markle Dahlstrom in the sum of $85,800.10,
and a judgment in favor of Alvan Markle in the sum of
$68,620.03. These judgments were entered against the Port-
land Mining Co. and ordered and decreed the sale of certain
mining property covered by the mortgage as security for the
payment of the debts. Immediately after the satisfaction of
these judgments on January 10, 1905, and on the same date,
confessions of judgment were entered in favor of the respec-
tive parties for the same sums. Mr. Featherstone, who had
been attorney for Alvan Markle, in procuring the original
judgment filed a petition in the district court setting forth
the facts of his services in the premises and that he had not
been paid, alleged the amount still due him, and that the
original judgment had never in truth and in fact been paid,
but that the satisfaction was entered through collusion and
fraud, practiced between the judgment creditor and judgment
debtor, and prayed for an order vacating the satisfaction of
judgment and establishing his claim and authorizing the is-
suance of an execution against the Portland Mining Co. for
the sale of the property on which the judgment was a lien
for the amount of his claim. A copy of the petition and
notice of the hearing was served personally on A. G. Kerns,
as attorney for the Portland Mining Co., and on W. W.
Woods, as attorney for Clora Markle Dahlstrom, and by mail
on Clora Markle Dahlstrom and Alvan Markle. Alvan Markle
did not appear. The Portland Mining Co. and Clora Markle
Dahlstrom each appeared specially and protested and objected
to the jurisdiction of the court, and alleged that the court
had lost jurisdiction, both over the persons of the Portland

Mining Co. and Clora Markle Dahlstrom and likewise over-
the subject matter involved in the original action.   The dis-
trict court overruled these motions and the parties refused
to appear further, and the court thereupon made findings and
entered the judgment from which this appeal is taken.   The
appeal is prosecuted by the Portland Mining Co. and Clora·
Markle Dahlstrom.

Satisfaction of the original judgment in this case was en--
tered by the judgment creditor himself in the manner pre-
scribed by the statute, sec. 4461, Rev. Codes.   Under the pro-·
visions of the foregoing section, a judgment may be satisfied
by the clerk upon return of the execution satisfied, or it may
be satisfied by the judgment creditor or by the attorney of
record.   The statute of this state does not provide for an at-
torney's lien on the judgment.   The attorney's fee allowed in
a foreclosure case is allowed to and in the name of the party
in whose favor judgment is entered, and can only be allowed
in such sum as the evidence shows would be a reasonable at-
torney's fee in such case.   (*Broadbent v. Brumback*, 2 Ida.
366, 16 Pac. 555; *Warren v. Stoddard*, 6 Ida. 692, 59 Pac. 540;
*Porter v. Title Guaranty & S. Co.*, 17 Ida. 364, 106 Pac. 299.)

This judgment does not run in favor of the attorney, but
in favor of his client, and is allowed for the purpose of com-
pensating the client in the amount it is necessary for him to
pay his attorney for prosecuting his action.   The presump-
tion of law is that the client has already either paid his at-
torney this sum or has become liable to the attorney for that
amount.   As a matter of fact, in practice the attorney gen-
erally receives a part of the amount in cash at the time or
before rendering the service, and expects to wait until the
judgment is collected for the balance of his fee.   In the mean-
while, however, the judgment entered belongs to the judgment
creditor and may be paid to him, and he may satisfy the
same, he may compromise the judgment, or, if he sees fit to
do so, may give it to the judgment debtor.   This, however,
would not release the client from the obligation to pay the
attorney the balance of any fee that he may owe him for the
service.   The obligation and liability, however, if not other--

wise secured, is merely a personal liability of the client to the attorney. We fully recognize the justness of the rule that an attorney may take such steps against his client as to have an equitable lien decreed by the court against the judgment to the extent of the balance due him for his service in procuring the judgment. This, however, is a matter purely between the attorney and client, and the procedure is covered by the ordinary rules applying in such matters, and any order or judgment entered would attach to the original judgment and would constitute notice to the judgment debtor and all the world that the attorney is the owner of the judgment to the extent of the amount named in the order or judgment in his favor. Where he fails, however, to give notice to the judgment debtor or to take the necessary steps prior to the payment or satisfaction of the judgment in the statutory manner, he has no such standing as a party to the action as will enable him to come in by a summary proceeding and have the satisfaction of the judgment vacated and be himself substituted as a judgment creditor for a share in the original judgment. It is suggested, however, that if the satisfaction of the judgment was the result of fraud and conspiracy between the original judgment debtor and judgment creditor, the attorney who has not been paid his fee would have a right to have that judgment vacated and have the equity of his claim lay hold upon the judgment. We may concede the correctness of that position for the purposes of this case and still the attorney is confronted with the difficulty that he cannot do so by summary proceeding and service on the former attorneys of the parties or by a constructive service of notice of motion. He at once tenders an issue against both parties to the original judgment and they are entitled to their day in court to join issue and be heard on their proofs, the same as in any other original action. He is under the necessity of showing, in the first place, that his erstwhile client is still indebted to him in a specific amount. He is then under the further necessity of proving that his client and the judgment debtor have entered into a conspiracy to defraud him out of his fees, and that the judgment, although having been satis-

fied in the statutory manner, is still, as a matter of fact, due from the judgment debtor to the judgment creditor, and that the judgment debtor is not in equity entitled to have the satisfaction appear of record.

The principal case of *Gray v. Denhalter*, 17 Utah, 312, 53 Pac. 976, on which respondent relies, is not applicable to the facts of this case. The rule applied there was eminently just. The sale was not made and proceeds applied in conformity with the decree in that case, and the trial court set aside the execution sale and ordered a resale and the payment of the attorney's fees in conformity with the provisions of the original decree. The supreme court of Utah affirmed the decree.

In this state the legislature has never attempted to deal with the subject of attorney's liens. At common law an attorney had no lien on a judgment recovered by him. (4 Cyc. 1006, and note; 51 Am. St., note at 258, 259.) In the absence of statute, however, the courts, either in the exercise of their equitable jurisdiction or under the theory of their absolute power, control and authority over the judgments and processes of their own courts, have announced various and sundry rules for the protection of attorneys in the collection of their fees and in declaring equitable liens against judgments procured by the attorney. These liens have been termed "charging liens." It is wholly impossible to reconcile the decisions of the several courts on this subject, and this is perhaps due to the fact that the rule applied in these cases has no analogy in any other branch of the practice or in any other class of litigation, and is one that has simply grown out of the equities of the case and has been adopted by the courts for the protection of their officers. As said by Mr. Freeman in his note to *Hanna v. Island Coal Co.*, 51 Am. St. 257: "Little is known of its origin, but the principle has long been recognized that a 'party should not run away with the fruits of the cause without satisfying the legal demands of his attorney, by whose industry, and, in many instances, at whose expense, those fruits are obtained.' " The above-mentioned note in 51 Am. St. Reports is very exhaustive, and collects the authorities and gives a large number of instances in which the courts

have intervened for the protection of the attorney, and have declared a lien on the judgment obtained by him. An examination of this note is worth the while of anyone who is looking for authorities on the subject. (See, also, 4 Cyc., pp. 1005 to 1009.) It will be found that the courts are quite uniform in allowing an attorney an equitable lien on a judgment procured by him as security for his fees earned in that case. The matter of procedure, however, in the enforcement of such a lien is not uniformly established. Where the contest is solely between the attorney and his client, some of the courts have determined the matter in a summary manner on motion of the attorney, while others have required him to establish his claim in an action at law in the regular manner, and have laid hold upon the original judgment in favor of his client as a thing *in rem*, in somewhat the same method pursued to establish a vendor's lien or remove a cloud from title, and thereby fastened the equity of his lien upon the judgment and authorized the execution to issue out of the original case. As we view the matter, it is of very little consequence, where the sole controversy arises between the attorney and his client over the attorney's equity in an existing judgment, whether the client be brought in by petition in the original action or by an independent action, provided the client is served and is given his day in court. The result in either event must be the same if the attorney is successful in establishing his claim.

A very different question arises, however, where the original judgment has been satisfied and the case is no longer pending and the parties are no longer in court. The statute has specifically and positively authorized the client to enter satisfaction of a judgment in his favor. When he does so, that ends the case and dismisses the parties from the jurisdiction of the court. We have no doubt of the right of an attorney who has been defrauded by this process to prosecute his action against the parties for relief from such a fraudulent transaction and to have the judgment reinstated. When he does so, however, it is necessary, as we have above said, for him to bring the parties into court, and he cannot do so by service

on the attorneys who represented them in the original litigation. As the record appears in this case, it would seem that respondent's remedy is as available against the judgment that was entered by confession as it was against the original judgment, if in fact he can show that it is simply a renewal of the original obligation which he prosecuted to final judgment in the first instance. We conclude that the judgment in this case was entered without jurisdiction, and must be *reversed.* Costs awarded to *appellant.*

STEWART, J., Concurring.—I concur in the conclusion of Justice Ailshie that the judgment in this case must be reversed. When the judgment foreclosing the Alvan Markle mortgage was rendered and the same specified the amount allowed therein as an attorney's fee, such allowance was for the benefit of Markle's attorney, and to be paid to him as his compensation in that particular case and no part of which was to be retained by Markle. (*Broadbent v. Brumback,* 2 Ida. 366, 16 Pac. 555; *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540; *Porter v. Title Guaranty & Surety Co.,* 17 Ida. 364, 106 Pac. 299.)

This necessarily made Featherstone interested in such judgment although he does not appear as the judgment creditor. The allowance, however, of the attorney's fee was for his benefit, and until he has been paid that fee either out of the judgment or independent of the judgment, he has an equitable interest in such judgment to the extent of the fee allowed. This fact alone, however, does not create a lien against such judgment in favor of the attorney, but is the proof upon which he may apply to the court to declare his lien. Until the judgment is fully executed the court retains jurisdiction of the subject matter and the parties for the purpose of hearing any motion affecting such judgment, and if the attorney desires to have his lien established and declared against such judgment, he may apply to the court for that purpose and serve the parties to said action with notice of the hearing of such motion and make the statutory service as in other motions.

Where, however, the judgment is satisfied, as in this case, and I do not mean by this paid, but a satisfaction entered of record, then upon such satisfaction having been entered, the court lost jurisdiction both over the judgment and the parties, and to empower the court to set aside such satisfaction upon the ground of fraud, a direct proceeding must be brought for that purpose and service made as in other original actions and proof tendered sufficient to establish the allegation of fraud. The court had no power upon motion by a stranger to the judgment to set aside the satisfaction of the judgment on the ground of fraud.

In this case before Featherstone's lien could be declared against the judgment it was necessary to annul the satisfaction and reinstate the judgment, and I do not believe that the court had any jurisdiction to set aside the satisfaction of judgment on the ground of fraud and reinstate such judgment, after a satisfaction of such judgment had been entered of record, without service upon the parties to such judgment as in an original proceeding.

It will not do to say that because the judgment confessed was for the same sum as the original judgment and referred to the original judgment as containing the facts upon which such confessed judgment was entered, that therefore the jurisdiction exercised by the court in entering such confessed judgment was a continuation of the jurisdiction acquired in the original action. Before the court had jurisdiction to enter the confessed judgment it was necessary that jurisdiction be acquired by service in accordance with the statute or by voluntary appearance of the parties. The court did not have jurisdiction to enter a judgment by confessing in lieu of an original judgment simply because the court had jurisdiction of the parties in the original action. It was necessary that new jurisdiction be acquired. Neither is it sufficient to say that the court had jurisdiction to set aside the satisfaction of the original judgment because the court acquired jurisdiction of the parties to enter a confessed judgment, after the original judgment was satisfied. To make valid the actions of the court, it must have jurisdiction to do the thing done at the

time the act is done; and while the service of the motion to have a lien adjudged against said judgment in favor of Featherstone would have been sufficient if made in accordance with the provisions of the statute, and such application had been made prior to the satisfaction of such judgment, still such service is not sufficient after the judgment has been satisfied, because the declaration of the lien also involves the annulling of the satisfaction of the judgment.

It will be observed that the motion to establish and allow the lien is not addressed to the confessed judgment, but is addressed to the original judgment, and before a lien can be declared against the original judgment, it was necessary to set aside the satisfaction of the same. If Featherstone was entitled to a lien against the original judgment, and a satisfaction of such judgment was entered without payment by confessing a new judgment which included the amount allowed in the original action as attorney's fees, there would seem to be no reason why Featherstone could not bring an action for the purpose of establishing such lien against the confessed judgment, or if the satisfaction of the original judgment was the result of fraud and made for the purpose of defeating Featherstone's lien, then there would seem no reason why an action might not be brought to set aside such satisfaction and establish such lien. But in such case service must be made as in other original actions.

For these reasons I concur in the conclusion of Justice Ailshie that the judgment must be *reversed.*

SULLIVAN, C. J., Dissenting.—I am unable to concur in the conclusion reached in this case by my associates. The decision is largely based upon the theory that the judgment entered on December 5, 1902, had been fully satisfied by the judgment debtors. The record does not bear out that conclusion. While it was satisfied of record, the consideration for such satisfaction was the confession of identically the same judgment and a renewal of the lien of the indebtedness in favor of the judgment creditors. It was not a payment of it. The satisfaction of judgment is as follows:

"For and in consideration of a confession of judgment and renewal of the lien of the indebtedness by the Portland Mining Company in favor of Clora Markle Dahlstrom for the sum of $85,800.10, with interest at 7 per cent annum from December 5, 1902; and in favor of Alvan Markle for the sum of $68,620.03, with interest at 7 per cent per annum from December 5, 1902, the plaintiffs in the above-entitled action hereby acknowledge full satisfaction of that certain judgment and decree of foreclosure made and rendered in the above-entitled action on December 5, 1902, in favor of said plaintiffs and against the said defendants; and the clerk of the above-named court is hereby authorized, empowered and directed to make and enter the full satisfaction of said judgment and decree of foreclosure.

"Signed, sealed and delivered this January tenth, 1905.

"CLORA MARKLE DAHLSTROM,

"By GEO. B. MARKLE,

"Her Attorney in Fact."

The confession of judgment is as follows:

"The Portland Mining Company, a corporation organized and existing under the laws of the State of Oregon, owning real and personal property in Shoshone county, State of Idaho, by D. F. Sherman, its secretary and duly authorized agent, does hereby confess judgment in the above-entitled action in favor of Alvan Markle, plaintiff in said cause, for the sum of sixty-eight thousand six hundred twenty and 03-100 dollars ($68,620.03), to bear interest at the rate of 7 per cent per annum from December 5, 1902; and does hereby authorize and direct the clerk of the above-named court to enter of record judgment for said sum.

"This confession of judgment is for a debt justly due and owing to Alvan Markle, the plaintiff, from the Portland Mining Company, defendant, on a judgment of the above-named court made and rendered December 5, 1902, wherein Clora Markle Dahlstrom and Alvan Markle, plaintiffs and the Portland Mining Company and the Markle Banking & Trust Company, of Hazelton, Pennsylvania, were defendants, for the

sum of $39,476.26, principal, $22,896.23, interest, $6,237.24, attorney fees and $10.30, costs in said action.

"This confession of judgment is made in consideration of the said Alvan Markle entering of record the satisfaction of said judgment and decree of foreclosure rendered December 5, 1902, and is a renewal of said indebtedness evidenced by said judgment and decree of foreclosure.

"This confession of judgment is made, executed, acknowledged and delivered under and in pursuance of a resolution of the board of directors of the said Portland Mining Company, duly adopted at a special meeting thereof duly assembled in the City of Portland, State of Oregon, on December 27, 1904, which action of the board of directors was on the same day unanimously approved by a vote of all the stockholders of said corporation, composing a majority of the stockholders in attendance at a meeting of the stockholders of said corporation duly called and assembled in the City of Portland, State of Oregon, on December 27, 1904, and the power thereby conferred upon the undersigned, D. F. Sherman, secretary of said corporation.

"Signed, sealed and delivered January tenth, 1905."

"PORTLAND MINING COMPANY,

(Seal)                      "By D. F. SHERMAN,

"Secretary."

The original decree of foreclosure recites that Alvan Markle shall have and recover, etc., $39,476.26 principal, $22,896.23 interest, and $6,237.24 attorney's fees. Those items are identically the same as are contained in the confession of judgment, and the $6,237.24 attorney's fee there referred to is the attorney's fee allowed by the court to Alvan Markle in the original judgment. They are, in fact, one and the same judgment. While the judgment of confession bears a different date from that rendered by the court, it involves identically the same items of indebtedness, no part of which has been paid by the judgment debtors, and gives the court jurisdiction of the same parties. All of the parties appeared and submitted themselves to the jurisdiction of the court for the

purpose of having said judgment by confession entered, and the court has the same jurisdiction over them that it would have had if the defendants had been brought in by summons.

I do not think it is right to say that the judgment of December 5, 1902, has been paid. It has simply been satisfied by a re-entry of a judgment involving the same facts determined by the first judgment; it has not been paid. To my mind the case stands just the same, so far as the parties, the facts and the attorneys are concerned, as it would stand had not the original judgment been renewed by the confessed judgment. I do not think that the relation of the parties or of the attorneys has been changed in the least by the entry of the judgment by confession, and there is where I think my associates err in holding that this case stands just the same as it would had the judgment debtor in fact paid the judgment. Had the judgment been actually paid, then a very different question would be presented.

I do not think a client should be permitted to swindle his attorney out of compensation for his labor in procuring his judgment by confessing the same judgment, thus running away with the fruits of it. If his client has entered into an arrangement with the judgment debtors whereby he may swindle and cheat his attorney, I do not think the court ought to be very technical in protecting the rights of such a client; and especially where the rights of the judgment debtors are in no manner affected.

In the trial of the original case Alvan Markle produced witnesses to establish the reasonable value of Featherstone's services in procuring said judgment, and the court awarded him $6,237.24. The record shows that he has paid the attorney only $250 of that fee. And now shall this court permit his client to defraud him simply by confessing identically the same judgment and thus satisfy the judgment in which such fee was allowed? I do not think it should.

But it is held that the service of the Featherstone motion on the judgment debtors and the client of Featherstone is not sufficient to bring them into court. Notice was served on the attorneys for the judgment debtor. They appeared specially

in the proceedings.   Notice was served of the pendency of the application of Featherstone by service of a copy of the notice and the application on the clerk of the court, and also by sending by registered mail to Alvan Markle at Hazelton, Pennsylvania, his postoffice address, a copy of said notice and petition, which he received as shown by the registry return receipt contained in the record.   The plaintiffs and defendants both appeared and submitted themselves to the jurisdiction of the court at the time the first judgment was rendered. They also appeared and submitted themselves to the jurisdiction of the court at the time judgment by confession was rendered, and we are in accord with the statement of Justice Ailshie's opinion to the effect that when satisfaction of judgment is entered, ''that ends the case and dismisses the parties from the jurisdiction of the court''; but until the judgment is satisfied, the court still has jurisdiction of the case and of the parties to it for any and all proceedings that may be legally taken therein.

Sec. 4893 of the Rev. Codes provides that when a plaintiff or defendant who has appeared in an action resides out of the state and has no attorney resident of the state in the action or proceeding, the service of papers in such action may be made on the clerk of the court.   In both of the above judgments referred to, the parties appeared and gave the court jurisdiction, and under the provisions of said section, notice of any proceedings in such action, after the parties have appeared, must be made upon the clerk, provided the party on whom such service is desired to be made resides outside of the state.   Service of the notice of the Featherstone motion was so made upon Alvan Markle.   That service, I think, was sufficient, but Featherstone did not stop there.   He served on Markle the notice of his motion with a copy of his application, by mail, under the provisions of sec. 4891, Rev. Codes, and the record shows by the return of the registry receipt that Markle received said notice and application.   That service was amply sufficient under the statute to give the court jurisdiction to hear said motion and determine the matter.

In *Phelps v. Mutual Reserve L. F. Assn.*, 112 Fed. 453, 50 C. C. A. 339, the court had under consideration a question similar to that under consideration here. The question arose in that case as to whether the court was powerless because the judgment debtor was a foreign corporation, unrepresented by agents in the state. Judge Lurton in preparing the opinion of the court asks this question, and says: "Was the court powerless because the judgment debtor was a foreign corporation, unrepresented by agents and having no property subject to execution? As we are advised by an opinion subsequently filed by the very learned judge of the state court, that court regarded a summons upon this supplemental proceeding as wholly unnecessary, because no new cause of action was presented therein, and because the judgment debtor was charged with constructive notice of all steps taken in the case after the original service in the primary action. Aside from any question of the sufficiency of constructive notice where, in the same case, a receiver is applied for, after judgment and return of *nulla bona*, as a substitute for an alias execution, or an attachment, or other proper writ of process, we are not prepared to say that, if such a supplemental matter be regarded as a new suit or action, the constitutional requirement of due process is infringed if a receiver be appointed before notice. Doubtless the general rule is that, even after judgment, applications for appointment of a receiver should not be entertained without notice. (Beach, Eq. Prac., sec. 730, and cases cited.) 'But,' says the author, 'the rule requiring notice is not so inflexible as to prevent the court from proceeding in cases where it is impracticable to give legal notice, as in the case of absconding or nonresident defendants, or in case of great emergency demanding the immediate interference of the court.'

"The ground upon which the court below proceeded was that there was no such vitality remaining in the primary suit as to justify any kind of supplementary proceedings. To quote the figurative, yet forcible, language of Judge Evans, 'the whole so-called supplemental proceeding was an attempt to graft a living branch upon a dead stalk.' For this reason,

said the judge, 'the filing of the supplemental petition and the action of the court appointing a receiver thereupon will be treated as nullities.' The metaphor, as we have already seen, is not apt. The jurisdiction of the state court had not been exhausted by the rendition of its judgment; for, under well-settled rules of general jurisprudence, it continued for the purpose of enforcing satisfaction of that judgment.''

We think the suggestions there are applicable to this case, and a rule requiring service of notice is not so inflexible as to prevent the court from proceeding at all unless personal service is made, and we think there is sufficient vitality remaining in an action that has gone to judgment to justify supplemental proceedings for its collection and to protect the attorney in the collection of his fee, and such vitality continues until the judgment has been fully paid and satisfied,— not merely renewed.

Alvan Markle is a nonresident of the state. The jurisdiction of said court was not exhausted by the rendition of its judgment, for under well-settled rules of general jurisprudence it continues for the purpose of enforcing satisfaction of that judgment. This matter in no way affects the defendants. They have not paid the judgment, and in law it matters not to them whether they pay a part of it to the attorney for Markle or not. This is a proceeding after judgment. The judgment was rendered December 5, 1902, and the plaintiff, a nonresident, has not proceeded to collect said judgment, although nearly eight years have expired since the judgment was entered, and has absolutely refused to pay his attorney the fee which was allowed him by the court. We have no statute prescribing the procedure in such a case as the one at bar, but we think the procedure adopted in this case is proper, equitable and fair to all of the parties interested. I do not think it necessary for the attorney to bring an action at law in the regular manner and attach the judgment and thus fasten a lien upon it.

Mr. Justice Ailshie states as follows: ''In the absence of a statute, however, the courts, either in the exercise of their equitable jurisdiction or under the theory of their absolute

power, control and authority over the judgments and processes of their own courts, have announced various and sundry rules for the protection of attorneys in the collection of their fees · and in declaring equitable liens against judgments procured by the attorney.'' I concur fully in that statement. I think that the court in this case ought to exercise its equitable jurisdiction and so far control this judgment as to compel the judgment creditor, Alvan Markle, to pay to his attorney the amount awarded by the court as an attorney's fee. This court has held that the client is not entitled to recover any larger attorney's fee than he pays his attorney, and the presumption in this case is that the amount allowed by the court was the reasonable value of the attorney's services and no more. (*Jones v. Stoddart,* 8 Ida. 210, 67 Pac. 650; *Broadbent v. Brumback,* 2 Ida. 366, 16 Pac. 555.)

Mr. Justice Ailshie quotes from a note by Mr. Freeman to *Hanna v. Island Coal Co.,* 51 Am. St. 257, as follows: ''Little is known of its origin, but the principle has long been recognized 'that a party should not run away with the fruits of the cause without satisfying the legal demands of his attorney by whose industry and, in many instances, at whose expense, those fruits are obtained.' '' Apparently Mr. Justice Ailshie is in accord with the sentiment there expressed, but proceeds at once to let Markle run away with the fruits of this litigation, on the ground that the court did not have jurisdiction under the service of notice as made, to which I am not inclined to assent.

The sole controversy here arises between the attorney and his client as to the attorney's equity in the existing judgment, and the client has been brought in in this proceeding by proper service of the notice of this application and was given opportunity to appear and thus have his day in court. But after proper notice was served upon him of this proceeding, he declined to appear and is in default and has thus confessed the justness of Featherstone's application. Mr. Justice Ailshie states as follows: ''A very different question arises, however, where the original judgment has been satisfied and the case is no longer pending and the parties are no

longer in court." As I view it, the judgment has not been satisfied; at most it has only been renewed by all parties thereto appearing in court. The judgment by confession is in substance and effect the original judgment and has in no manner been paid. In one sense, the parties are in court until the judgment is paid and satisfied; that is, the court has jurisdiction until the judgment has been paid. Mr. Justice Ailshie says: "The statute has specifically and positively authorized the client to enter satisfaction of a judgment in his favor." I admit that, but this judgment, in my view of the matter, has not been satisfied; it has simply been renewed. Justice Ailshie also says: "When he [the judgment creditor] does so, [satisfies the judgment] that ends the case and dismisses the parties from the jurisdiction of the court." He thereby admits that the court has jurisdiction of the judgment and the parties until the judgment is satisfied. If we carry out the idea of Justice Ailshie to its legitimate result in the judgment by confession, the court has jurisdiction of no parties at all. It is a well-settled rule where both parties appear and consent to a confession of judgment, the court has jurisdiction of the parties. The court had jurisdiction before the renewal was entered, and now will it be contended that the renewal judgment by confession has deprived the court of jurisdiction of the parties to it? The court has jurisdiction of the parties to a judgment by confession.

As before stated, the judgment debtors in this case are not interested in this matter in any way, as they have not paid the judgment, and this proceeding is in fact confined to Alvan Markle and one of the judgment creditors and his attorney. In my view of the matter, it was not necessary for the trial court to set aside the satisfaction of judgment and the judgment by confession and restore the original judgment, as the parties are the same, the rights are the same, the attorney's fees the same and the subject of litigation the same as they were in the original judgment. I do not think that the court has lost jurisdiction of the parties or of the subject matter simply because the original judgment was superseded or renewed with a judgment by confession which involved the same

parties, the same issues, the same subject of litigation—everything the same. Since the court found in this proceeding that the judgment by confession was brought about by collusion and fraud, I think the action of the trial court ought to be sustained. There is no statute requiring such notice to be served as a summons, and no such requirement should be made by this court.

Petition for rehearing denied.