261 P.2d 810

CONNELL v. CONNELL.
No. 8025.

Supreme Court of Idaho.
Oct. 7, 1953.

Black, Black and Oliver, Pocatello, for respondent.

Gee & Hargraves, O. R. Baum and Ruby Brown, Pocatello, for appellant.

KEETON, Justice.

A judgment and decree of divorce was granted respondent by default on July 2, 1951. Prior to the judgment a stipulation

was entered into between the parties settling the property rights, and in the decree the trial judge awarded the community property pursuant to such agreement. Thereafter on July 28, 1951, appellant (defendant below) filed a motion to have the decree vacated or modified for numerous reasons alleged, claiming in said motion that the property settlement which he entered into was based on numerous oral reservations and contingencies to be performed by respondent which she had not performed.

A show cause order was issued directing respondent to appear and show cause why the modification asked should not be granted. Respondent appeared pursuant to the show cause order, filed a demurrer and moved to strike appellant's motion. In respondent's motion to strike she contended the court had no jurisdiction, and asked that the show cause order be vacated and annulled. The motion was heard by the trial judge, and on March 14, 1953, he granted respondent's motion to strike appellant's motion to vacate and set aside the judgment, and made and entered the following order:

"And the Court now being advised in the premises:

"It is ordered That plaintiff's motion to strike (filed September 4, 1951) be, and the same is hereby, granted; and defendants' motion filed July 28, 1951, and defendants' motion to amend (filed September 4, 1951) are hereby stricken from the files.

"This makes it unnecessary to take any action on demurrer of plaintiff filed September 4, 1951.

"Dated: March 14, 1953.
              "W. C. Loofbourrow
              "District Judge
"(Endorsed:)
"Filed March 14, 1953 — 10:23 A.M.
"Anna Keefe, Clerk Auditor & Recorder
        Bannock County, Idaho."

On June 11, 1951, appellant appealed from this order.

Respondent has filed in this court a motion to dismiss the appeal on the ground that it was not taken within the time allowed by law.

Sec. 13-201, I.C., provides as follows:

"Appeal may be taken to the Supreme Court from a district court:

"1. * * *.

"2. * * * from any special order made after final judgment; * * within sixty days after the order * * is made and entered on the minutes of the court, or filed with the clerk."

The order in this case (designated in appellant's notice of appeal as a judgment) was taken eighty-nine days subsequent to the filing and entering of the order appealed from.

In appellant's brief on appeal he contends that the order appealed from is a final judgment and not an order made subsequent to judgment and contends he had ninety days in which to appeal.

To be effectual, an appeal from an order after final judgment must be taken within sixty days after such order is made and entered in the minutes of the court, or filed with the clerk. Sec. 13–201, I.C.; Balfour v. Eves, 4 Idaho 488, 42 P. 508, Oliver v. Kootenai County, 13 Idaho 281, 90 P. 107; Ringer v. Wilkin, 32 Idaho 330, 183 P. 986; Miller v. Prout, 32 Idaho 728, 187 P. 948; Goade v. Gossett, 35 Idaho 84, 204 P. 670; Continental & Commercial Trust & Sav. Bank v. Werner, 36 Idaho 601, 215 P. 458.

An order is defined by Sec. 12–401, I.C., as follows:

"Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order. An application for an order is a motion."

 In the matter before us, the order was entered adversely to appellant's contention. Time to appeal is limited to sixty days.

Where, on a motion, a judgment formerly entered is vacated, amended or changed, or a new judgment is entered, a situation distinguishable from the one now before us is presented. Thus in the cases of. Dahlstrom v. Portland Mining Co., 12 Idaho 87, 85 P. 916; Dahlstrom v. Featherstone, 18 Idaho 179, 110 P. 243; Hewey v. Andrews, 82 Or. 448, 159 P. 1149, 161 P. 108, cited by appellant, the judgments originally entered were modified or changed. Such is not the case before us.

Hence this Court has no jurisdiction to entertain the appeal, and the motion to dismiss the appeal is granted. Costs to respondent.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.