516 P.2d 1166

**WILLIAMSEN IDAHO EQUIPMENT, a corporation, Plaintiff-Respondent,**

v.

**WESTERN CASUALTY & SURETY COMPANY, a corporation, Defendant-Appellant.**

No. 11173.

Supreme Court of Idaho.

Dec. 13, 1973.

Isaac McDougall, R. M. Whittier, Whittier & McDougall, Pocatello, for defendant-appellant.

George W. Hargraves, Gee & Hargraves, Pocatello, for plaintiff-respondent.

McQUADE, Justice.

Williamsen Idaho Equipment, plaintiff-respondent, filed this action against Western Casualty & Surety, defendant-appellant, to recover for the costs of repairs of a truck owned by an insured of Western Casualty. The case was tried without a jury and a final judgment in favor of Williamsen was entered by the district court. Western Casualty appealed to this Court and on April 27, 1973, Williamsen filed a motion to dismiss the appeal. This Court reserved ruling on Williamsen's motion until the case was heard on the merits, and we now conclude that Williamsen's motion should be granted and the appeal dismissed.

Williamsen's motion to dismiss the appeal is based on two alternative grounds. First, it is argued the appeal is not timely. For an appeal to be timely, I.C. § 13–201 provides that the appeal must be filed within sixty days of the judgment that is being appealed. In this case an amended final judgment was rendered by the district court on May 5, 1972, and the notice of appeal was not filed until September 20, 1972, which clearly exceeds the sixty day limitation. Western Casualty contends that its appeal was timely because the limitation was tolled by the following provision of I.C. § 13–201,

"Provided, however, that the running of the time for appeal is terminated by a timely motion for a new trial; a timely motion for a judgment notwithstanding the verdict, following a timely motion for a directed verdict; a timely motion to amend or make additional findings of fact, whether or not alteration of the judgment is required if the motion is

granted, or a timely motion to alter or amend the judgment, and the full time for appeal fixed by this act commences to run and is to be computed from the entry of any order granting or denying any of the above motions."

Western Casualty points out that it filed a motion requesting the district court to reconsider its decision on May 18, 1972, which the district court denied on August 3, 1972, Western Casualty argues that motion to reconsider qualifies under the tolling provision of I.C. § 13–201, and therefore the sixty day limitation should run from the denial of the motion on August 3, 1972, making the September 20, 1972 notice of appeal within the limitation.

The Idaho Rules of Civil Procedure do not provide for a motion to reconsider, but in the case of Turner v. Mendenhall [1] this Court held that a motion to reconsider meets the requirements of a motion to amend or alter a judgment. To be timely, a motion to amend or alter a judgment "shall be served not later than ten (10) days after entry of the judgment." [2] Western Casualty's motion was not filed until May 18 or thirteen days after the judgment was entered. To toll the sixty day limitation the motion must be timely, and Williamsen argues that since the motion was not filed within ten days, the sixty day limitation ran from May 5 making the September 20 notice of appeal beyond the sixty day limitation. Western Casualty contends that its motion was timely because of the following provision of I.R.C.P. 6(e),

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail three (3) days shall be added to the prescribed period."

Western Casualty argues that since notice of the entry of the judgment was sent to them by mail, three days must be added to the ten day limitation on motions which would make the May 18 motion timely.

Rule 6(e) states that it applies whenever a party has a right to do some act "after the service of a notice * * *." The provision for motions to amend a judgment clearly states that the party must act within ten days after entry of the judgment, not upon receipt of notice of the judgment and thus, Rule 6(e) is inapplicable. Moreover it is provided in I.R.C.P. 6(b) that,

"[T]he time may not be extended for taking any actions under rules * * * 59 * * * (e) [motion to amend or alter the judgment] * * * except to the extent and under the conditions stated in them."

There is no exception stated in the provision requiring the motion within ten days after entry of the judgment and to apply the Rule 6(e) extension would be in direct conflict with the Rule 6(b) provision.

 Rule 6(e) of the Idaho Rules contains the same language of F.R.C.P. 6(e). The federal courts have faced the same question as presented in this case and have reached the same result that 6(e) does not extend the period in which to file a motion to amend or alter a judgment. [3] We conclude that I.R.C.P. 6(e) does not apply to motions to amend the judgment and thus the May 18 motion was not timely and did not toll the sixty day limitation.

Since Western Casualty's motion was not timely, it did not toll the running of the sixty day limitation on appeals to this Court and the notice of appeal was clearly in excess of the sixty day limitation. This Court has repeatedly held that the sixty day limitation may not be extended [4] and

---

1. 95 Idaho 426, 510 P.2d 490 (1973).

2. I.R.C.P. 59(e).

3. McConnell v. United States, 50 F.R.D. 499 (E.D.Tenn.1970); *see also* Albers v. Gant, 435 F.2d 146 (5th Cir. 1970); Weir v. United States, 339 F.2d 82 (8th Cir. 1965);

2 J. Moore, Federal Practice § 6.12 (2nd ed. 1970).

4. Van Houten v. Burt, 95 Idaho 185, 505 P.2d 333 (1972); Martin v. Soden, 80 Idaho 416, 332 P.2d 482 (1958); Connell v. Connell, 74 Idaho 292, 261 P.2d 810 (1953).

**654**

thus the appeal must be dismissed for failure to comply with I.C. § 13–201.

Motion to dismiss appeal granted. Costs to respondent.

DONALDSON, SHEPARD, McFADDEN and BAKES, JJ., concur.