Davis & Rankin Building and Mfg. Co. *v.* Hillsboro Creamery Co.

No. 1,173.

DAVIS & RANKIN BUILDING AND MANUFACTURING COMPANY *v.* HILLSBORO CREAMERY COMPANY.

APPEAL.—*Motion to Dismiss.*—*Final Decision.*—*Parties.*—Where a complaint is filed, and no summons is issued, but one of the parties defendant appears and demurs to the complaint, and the demurrer is sustained, from which decision an appeal is taken, the appeal can not be dismissed on the ground that the decision was not final and that the case is still pending in the trial court. The mere fact that the names of persons were inserted in a complaint, does not make them parties to the action.

From the Fountain Circuit Court.

*C. M. McCabe* and *J. Bingham,* for appellant.
*L. Nebeker* and *D. W. Simms,* for appellee.

PER CURIAM.—In the court below, appellant, on the 5th day of September, 1892, filed a complaint against appellee and forty-nine individuals. No summons, so far as the record discloses, was issued.

The statute provides that "the action shall be deemed to be commenced from the time of issuing the summons." Section 316, R. S. 1894.

The appellee appeared and filed a demurrer to the complaint, which was sustained, and, appellant refusing to plead further, judgment was rendered against it, from which this appeal is prosecuted. There was no appearance by any of said individuals, and no steps have ever been taken against them, except to include their names in the complaint.

On the authority of *Champ* v. *Kendrick,* 130 Ind. 545, appellee moves to dismiss the appeal, because such judgment was not a final judgment.

If any of the individuals named were parties to the action, there could be no appeal so long as the case was

pending against them in the court below, but the infirmity of this motion is that it does not appear that any action has ever been commenced against said individuals. The mere fact that their names were inserted in the complaint does not make them parties to the action.

The motion to dismiss the appeal is, therefore, overruled.

Filed April 25, 1894.