(24 Civ. Proc. R. 109; 10 Misc. Rep. 597.)

CANARY et al. v. RUSSELL et al.

(Supreme Court, Special Term, New York County. November, 1894.)

1. ATTORNEY AND CLIENT—LIEN—SETTLEMENT OF CONTROVERSY.
    Under Code Civ. Proc. § 66, giving an attorney "a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision, or judgment in his client's favor, and the proceeds thereof in whosoever hands they may come, and cannot be affected by any settlement before or after judgment," the attorney has a lien on the sum agreed to be paid on settlement between the parties.
2. SAME—MOTION TO DETERMINE LIEN.
    An attorney's lien is to be determined by a motion in an action.
3. SAME—RIGHT TO JURY TRIAL.
    A proceeding to determine an attorney's lien is one of equitable jurisdiction, and the client is not entitled to a jury trial.
4. SAME—LIEN FOR GENERAL BALANCE.
    An attorney has a lien on his client's cause of action for compensation that may be due him for services in that or any other proceeding.

Action by Thomas Canary and George W. Lederer against Lillian Russell and Abbey, Schoeffel & Grau.

A settlement was made between the parties, by which the payment of $17,500 was guaranteed to the plaintiffs, besides a certain percentage on the gross receipts of defendant's performances, which might increase the amount of the settlement to $28,000. Plaintiffs' attorney claimed $7,975 for legal services rendered to the plaintiffs in this and 13 other actions, and moved in this action for a determination by the court of the amount of his lien. Plaintiffs opposed the motion on the following grounds: (a) That they were entitled to a trial by jury; (b) that the attorney did not have a lien upon the fund for the general balance due him by the plaintiffs, but that his lien was limited to the value of the services rendered in this action; (c) that the remedy, if any, of the attorney, was to bring an affirmative action to determine his lien; and (d) that the summary proceeding by motion in the action itself inures only to the client when he seeks to remove his attorney, or to compel the delivery of papers and documents in his hands, or the payment of moneys collected by him. Plaintiffs' attorney moves to determine the extent of his lien for the general balance due him, and to impress the fund created in this action with the amount of the lien when so determined.

Ira Leo Bamberger and Herman F. Koepke, for the motion.
Howe & Hummel, opposed.

GAYNOR, J. The lien of attorneys upon judgments recovered by them, and the proceeds thereof, did not have its origin in any statute. It grew out of the relation of attorney and client, and

the injustice of allowing a client to take the proceeds of his at-
torney's work and skill without paying him therefor.   As was said
in one case, the lien was invented to protect attorneys "from the
knavery of clients."   The method of enforcing the lien was by pro-
ceeding in the action itself.   The money was required to be paid
into court, and was held until the amount due to the attorney was
ascertained, and paid thereout.   Goodrich v. McDonald, 112 N. Y.
157, 19 N. E. 649.   It is true that when the said lien of attorneys
had its origin, and for a long time thereafter, the compensation to
attorneys was regulated by statute, and the only fees and charges
which they could enforce were those prescribed by statute, so that
the lien was for such fees and charges only.   By the first Practice
Code of this state the statutes (2 Rev. St. pp. 623–631) which con-
stituted the fee bill were repealed, and it was also indicated that
"all rules and provisions of law restricting or controlling the right
of a party to agree with an attorney, solicitor or counsel for his
compensation are repealed; and hereafter the measure of such com-
pensation shall be left to the agreement, express or implied, of the
parties."   It was also provided, however, that "there may be allowed
to the prevailing party, upon the judgment, certain sums by way
of indemnity, for his expenses in the action; which allowances are
in this act called 'costs.'"   Code Proc. § 303.   It will be observed
that nothing was here said concerning any lien of attorneys.   It
has, however, been uniformly held that such lien continued.   What-
ever controversy there has been on the subject has been in respect
of the extent of the lien and the method of its enforcement.   It
would be waste of time to discuss the cases which have arisen
concerning the extent of the lien,—whether it covered taxable costs
only, or also included the compensation agreed upon,—for in 1889
our present Practice Code was so amended that for all compensation
arising out of agreement the attorney "has a lien upon his client's
cause of action or counterclaim, which attaches to a verdict, report,
decision, or judgment in his client's favor, and the proceeds thereof
in whosoever hands they may come; and cannot be affected by any
settlement between the parties before or after judgment."   Code
Civ. Proc. § 66.   These words are comprehensive enough to cover
the cause of action and all incidents in the progress thereof, in-
cluding its settlement, and the amount agreed to be paid thereupon,
which is the case now in hand.   A settlement has been agreed
upon, the defendant to pay a sum of money therefor.   Her present
managers are ready to pay the money, and appear in this proceed-
ing only to submit to any order the court may make.   It is objected
that the court may not, in this application in the action itself, thus
stop the money in transitu, determine the amount due to the attorney
for the plaintiffs on quantum meruit, and pay him out of the fund,
but that he must be left to bring an action for his services, in
which the defendants therein (the plaintiffs herein) will be entitled
to a jury trial.   If an action were brought by the attorney to en-
force his lien,—for, as we have seen, he has a lien by express statute,
—the defendants therein would not be entitled to a jury trial; so
that objection need not be considered.   The only question is whether

the attorney's lien may be enforced in the action itself. As we have seen, that was the method of enforcing it when fee bills existed, and measured the compensation of attorneys. It would not be suggested that that has not also been the method in respect of taxable costs. It seems to me to follow that it is also a proper method in respect to compensation agreed upon, for there are not two liens, one for taxable costs and one for compensation, to be enforced separately, but on the contrary, there is only one indivisible lien. The lien which has long existed in favor of attorneys was by the said Code amendment extended unmistakably, and so as to do away with doubt or controversy, to any compensation due to the attorney by agreement, express or implied. It is the same lien in character and in equitable conscience which existed under the fee bill, only extended to meet the changed relations of attorney and client, in that they are permitted to agree upon whatever compensation to the attorney they please. The motion is therefore granted, the court to take testimony at some convenient time, or a reference may be taken if the parties agree to it. The money may be paid into the Kings County Trust Company to the credit of the action to await further order.