Hassler *et al. v.* Hefele.

---

HASSLER ET AL. *v.* HEFELE.

[No. 18,557. Filed April 29, 1898. Rehearing denied Oct. 28, 1898.]

JUDGMENT.—*Joint Action.—Separate Judgment.*—A separate judgment may be rendered against each of the defendants in a joint action under the provisions of section 579, Burns' R. S. 1894, if the facts found would have authorized such judgments in separate actions against such defendants. *p. 394.*

NEW TRIAL.—*Joint Action.—Separate Judgments.*—A new trial should not be granted for the reason that the court rendered separate judgments against two defendants in a joint action, where it is evident from the facts found that actions brought severally against each of the defendants would result in the same recovery against each of them. *pp. 394, 395.*

TRIAL BY JURY.—*Action to Enforce Vendor's Lien.*—A suit to enforce the equitable lien of a vendor on sale of real estate is of exclusive equitable cognizance, and is not triable by jury. *p. 396.*

From the Vanderburgh Superior Court. *Affirmed.*

*S. R. Hornbrook* and *W. M. Wheeler*, for appellants.

*Louis J. Herman*, for appellee.

HOWARD, C. J.—This was an action to enforce and collect a vendor's lien for purchase money due on sale of real estate. The facts, as found specially by the court, show: (1) That on and prior to March 30, 1896, the appellee and the appellants Annie and Carrie Hassler, and one Mary Hassler, were each the owner as tenants in common of the undivided one-fifth of certain described real estate, being a part of lot 88, in the old plan of the city of Evansville, and the appellants Fred W. and Elizabeth Harnishfeger were the owners of the remaining one-fifth thereof; and that the same parties were also the owners, in like proportions, as tenants in common, of certain other real estate, being a part of lot 59, in said original plan of said city. (2) That on said March 30, 1896, it was mutually agreed among said tenants in common that the appellee and the appellants Harnishfeger should convey their several interests in said first described real estate, in lot 88, to the appellants Annie and Carrie Hassler, and to the said Mary Hassler; in consideration of which the last named parties should convey to those first named their several interests in said second described real estate, in lot 59, and should also pay, each one-third, the sum of $500 to the said first named parties, one-half of said sum to be paid to the appellee and the remainder to the Harnishfegers. (3) That thereupon the appellee agreed to convey to the Harnishfegers her interest in said second described real estate, in lot 59, in part consideration of which the Harnishfegers agreed to assign to her their claims against the Hasslers for the one-half of said $500. (4) That on said March 30, 1896, said conveyances as so agreed to were duly executed and delivered. (5) That

on March 31, 1896, the Harnishfegers, as agreed, assigned in writing to appellee the amount due them of said $500 by Annie and Carrie Hassler, being $166.66. (6) That on June 3, 1896, the appellee filed her complaint against the appellants Annie and Carrie Hassler, in two paragraphs, in the first of which she alleged an indebtedness due her from them growing out of said agreements, and alleging in the second paragraph an indebtedness due to the Harnishfegers, also growing out of said agreements, and subsequently assigned to her by them. On motion of the Hasslers, the court ordered each of these paragraphs docketed as a separate cause of action, the first proceeding as cause No. 8911, and the second as cause No. 8911½. The Hasslers filed their set-off in cause 8911, which was allowed and a judgment given them for $54.43, the excess of the set-off over appellee's claim in that cause, no part of which judgment has been paid. (7) That the appellants Annie and Carrie Hassler have not paid to the Harnishfegers, or to the appellee, their assignee, any part of the amount agreed to be paid to the Harnishfegers. (8) That the real estate so transferred to the Hasslers by the appellee and the Harnishfegers was conveyed without taking any security for the payment of any part of said $500, and as to that part of the consideration the conveyance was made upon the individual credit of the Hasslers. (9) That the appellee offers to have the judgment against her, as set out in finding 6, deducted from any amount that may be found due her. The court found as conclusions of law that the appellee should recover the full amount of the claim assigned to her by the Harnishfegers, one-half from each of the appellants Annie and Carrie Hassler; that said appellants should recover from the appellee the amount of their said judgment, with interest, one-half thereof to be re-

ceived by each of said appellants; that the appellee should have judgment against each of said appellants for the difference between the amounts so found due to her and due to each of them, respectively; and that she is entitled to a vendor's lien therefor against each of them upon their respective interests in the land so conveyed to them.

It is first objected that the appellee, having brought her joint cause of action against the two appellants Annie and Carrie Hassler, cannot recover a separate judgment against each of them for one-half the amount of her claim. If any one should complain of this it would seem to be the appellee, who was not given the joint judgment for which she had asked in her complaint. In answer to a similar objection, it was said by this court in *Louisville, etc., R. W. Co.* v. *Treadway*, 143 Ind. 689: "The authorities cited by appellant in support of the rule asserted can have no force in this State, for the reason that the question is regulated by our code of civil procedure. Section 579, Burns' R. S. 1894, section 570 R. S. 1881, provides: 'Though all the defendants have been summoned, the judgment may be rendered against any of them, severally, when the plaintiff would be entitled to judgment against such defendants if the action had been against them severally.'"

It is not a matter of doubt that the facts found in the case at bar would have authorized a judgment against each of the appellants, Annie and Carrie Hassler, if the action had been brought against them severally. The statute above cited, therefore, fully justified the conclusions of law drawn by the court. See *Douglass* v. *Howland*, 11 Ind. 554, where the same objection was made and answered.

In *Louisville, etc., R. W. Co.* v. *Treadway, supra,* it

was further said by the court: "In *Lower* v. *Franks,* 115 Ind. 334, on p. 337, this court, in speaking of the foregoing sections of the code of civil procedure, said: 'In the case of *Hubble* v. *Wolf,* 15 Ind. 204, following the case of *Blodgett* v. *Morris,* 14 N. Y. 482, it was held in terms that this provision of the code [section 579, Burns' R. S. 1894 (570, R. S. 1881), above cited], applies to all actions indiscriminately, whether founded upon contract or upon tort; that it is immaterial whether the complaint alleges a joint or a joint and several liability; that the right of recovery is, in this respect, to be regulated by the proof and not by the allegations of the complaint; that, in other words, every complaint is, in the respect stated, to be treated as both joint and several where there are two or more defendants.'" Moreover, a new trial ought not to be granted where, as is evident from the facts found in this case, actions brought severally against each of the appellants would result in the same recovery against each of them. *Elliott* v. *Pontius,* 136 Ind. 641.

Objection is next made to the fourth and fifth conclusions of law, which hold that the vendor's lien should be foreclosed and the undivided interest of each of the appellants sold to make payment of the amount found due appellee. Counsel confine their remarks on this matter to an argument intended to show that the question designed to be urged by them is duly presented. As to the conclusions of law themselves, however, the only reason given to show that the court erred is the following: "There can be no doubt that appellants' contentions should be sustained." This assertion is not sufficient to show the error, if any, of which appellants complain.

It is also contended that the court erred in requiring appellants to answer the second paragraph of the

original complaint after the same had been redocketed as the complaint in this case, No. 8911 1-2. Counsel say they are at a loss to understand why they should be required to answer the complaint, but give us no reason to show that the court erred in so requiring them to answer. It is not enough to say that the court erred. The error should be shown. But see section 343, Burns' R. S. 1894 (340, R. S. 1881).

It is finally contended that the court erred in refusing appellants' demand for a jury trial. It is doubtful whether the question is in the record. There was no motion for a new trial, and no bill of exceptions. See *Ketcham* v. *Brazil, etc., Co.*, 88 Ind. 515; *Mattingly* v. *Paul*, 88 Ind. 95, and other cases cited in Elliott App. Proc., section 612 n. 4. Besides, the suit was one to enforce the equitable lien of a vendor on sale of real estate, and, as such, of exclusive equitable cognizance, and so not triable by jury. The result reached by the court was correct. Judgment affirmed.