J. J. WEICHER v. S. S. CARGILL.[1]

May 23, 1902.

Nos. 12,949—(93).

## Enforcement of Attorney's Lien.

An attorney's lien, for services, upon funds in the hands of the adverse party, the fruits of the litigation, duly perfected by proper notice before payment to his client, may be enforced by summary proceedings in the

[1] Reported in 90 N. W. 402.

action in which the services were rendered. Forbush v. Leonard, 8 Minn. 267 (303), and Crowley v. Le Duc, 21 Minn. 412, followed.

Appeal by plaintiff from an order of the district court for Hennepin county, Simpson, J., overruling a demurrer to a so-called complaint of intervention interposed in the action by Robert Christensen and another to enforce an attorney's lien for services rendered plaintiff. Affirmed.

*Savage & Purdy,* for appellant.

*Robert Christensen* and *W. A. McDowell,* for respondents.

BROWN, J.

Plaintiff brought this action against defendant to recover the sum of $20,000 for the alleged breach of a contract. Defendant answered, and when the cause came on for trial in the court below judgment was ordered in his favor on the pleadings, from which plaintiff appealed to this court, and the judgment was reversed, and the cause remanded for a new trial. 82 Minn. 265, 84 N. W. 1007. Robert Christensen and W. A. McDowell were attorneys for plaintiff, and conducted all the proceedings in the action in his behalf. After the cause had been remanded to the court below, they served notice upon defendant that they claimed a lien for their services, to the extent of $1,500, upon money due plaintiff on account of the cause of action set forth in the complaint. Subsequently, and with full notice of the claim of lien, plaintiff and defendant, without consulting the attorneys, and without their knowledge, settled the controversy involved in the action; defendant agreeing to pay plaintiff the sum of $2,500 in full discharge and settlement of the same, $1,000 of which was paid at the time and $1,500 deposited in a bank in the state of Colorado, to be paid to plaintiff when the attorneys' lien should be determined, and the same released and discharged by payment.

On learning of the settlement, the attorneys procured from the court below an order directing both plaintiff and defendant to show cause why judgment should not be entered in their favor against defendant for the amount of their claim. On the return day of the order plaintiff appeared before the court, and moved that the order to show cause be discharged on the ground and for

the reason that the court had no jurisdiction to entertain an application thus made. The motion was denied, and the attorneys were directed to file and serve a complaint setting forth their claim for services, to the end that the issues pertaining thereto might be tried and determined, and the amount they were entitled to receive for their compensation definitely fixed and ascertained. The attorneys prepared and served a complaint pursuant to this order, in which all the facts relating to the commencement of the original action were set forth, the settlement of the controversy between the parties without the knowledge of the attorneys, the service of notice of lien, and the value of their services. Plaintiff interposed a general demurrer to the complaint, which the court overruled, and he appealed. Defendant made no appearance, and does not contest the right of the attorneys to proceed in this manner.

The principal question argued by plaintiff in this court in support of his demurrer is that it appears from the complaint and other proceedings in the action that the attorneys have intervened therein, and it is contended that because they had no interest in plaintiff's cause of action at the time the action was commenced they have no right, under the statutes and rules and principles of law applicable to intervention, to thus come into the action.

It is true the proceeding on the part of the attorneys is designated an intervention, but this is not necessarily determinative of its character. They could not intervene for the very good reason, suggested by plaintiff, that they had no interest in the cause of action at the time the action was commenced, and no right to proceed in that manner for the purpose of enforcing payment of their fees. The nature of the proceeding must be determined, however, by the purposes and objects to be accomplished by it, and, tested by this rule, it is clearly not an intervention, but a proceeding taken in the action to enforce the lien of the attorneys. Such being the case, it only remains to consider whether the method adopted is in accordance with legal principles. G. S. 1894, § 6194, provides that an attorney shall have a lien for his compensation, whether specially agreed upon or implied:

"1. Upon the papers of his client which have come into his possession in the course of his professional employment.

2. Upon money in his hands belonging to his client.

3. Upon money in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party.

4. Upon a judgment," etc.

But the lien is made subordinate to the rights existing between the parties to the action.

In the case before us it appears that the attorneys gave due notice to defendant of their lien, subsequently to which the cause of action was settled by the parties, and a portion of the money agreed to be paid plaintiff in settlement deposited in a bank, to be paid over when the claim of lien was adjusted and discharged. Clearly, under the provisions of the statutes, the attorneys had a lien upon the moneys so agreed to be paid plaintiff. This does not seem to be controverted by plaintiff. He could not well dispute the fact, for his demurrer to the complaint filed by the attorneys admits the facts showing the lien. The only question presented in this connection is whether the lien may be enforced by this summary proceeding in the action after the same has been settled by the parties.

The proceeding is identical with that had (and sanctioned by this court) in the cases of Forbush v. Leonard, 8 Minn. 267 (303); and Crowley v. Le Duc, 21 Minn. 412. In the first case cited the court expressed a doubt as to the propriety and regularity of a proceeding of this kind; in the second case the point was not made, and the court seems to have taken it for granted that the remedy was a proper one.

G. S. 1894, § 6196, provides a method of determining the validity and amount of an attorney's lien, and the provisions of the section apply to all liens asserted upon papers or upon money in the hands of the adverse party. The second subdivision of the section authorizes the court to inquire summarily into the facts on which the claim of lien is founded, and determine the same; and the third subdivision provides that it may direct the trial of the controversy by a jury, or refer it, and upon the verdict or report determine the same as in other cases. This does not require a separate or inde-

pendent action or proceeding for the purpose of enforcing the lien, but contemplates that the rights of the attorney may be asserted in the original action. There can be no difference, in respect to the enforcement of the lien, whether the amount is liquidated or unliquidated. If unliquidated, the statutes cited expressly authorize the court to determine the amount thereof, either by its own action or by a jury or a referee. This method of enforcing an attorney's lien is approved in other states. 13 Enc. Pl. & Pr. 154; Canary v. Russell, 10 Misc. 597, 31 N. Y. Supp. 291; Reynolds v. Reynolds, 10 Neb. 574, 7 N. W. 322. In some courts it is held that the attorney may, though a settlement of the action has been had between the parties, continue the prosecution of the same for the purpose of enforcing his lien for services; but in such cases further proceedings in the action concern only the attorney's lien, and result precisely as do the proceedings here adopted, and there can be no practical distinction between them.

It is urged by plaintiff's counsel that the settlement of the action between the parties fully terminated it, and that the same is no longer pending, so as to authorize further proceedings therein. The record does not sustain this contention. It does not appear that the action has been dismissed. The stipulation of settlement provided for the entry of judgment in defendant's favor to the effect that plaintiff take nothing by the action; but no such judgment has ever been entered, and for all purposes, so far, at least, as the right of the attorneys to enforce their lien is concerned, the action is still pending and undetermined. We think this practice orderly and convenient, resulting in a speedy determination of the rights of the parties, and we approve it.

The result is that the order appealed from is affirmed.