LAKE MICHIGAN WATER COMPANY *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

[No. 9,832.   Filed June 27, 1917.]

1. JUDGMENT.—*Final Judgment.*—A final judgment is one that disposes of all the issues, as to all the parties, presented by the pleadings, to the full extent of the power of the court to dispose of the same, and terminates the case as to all of such parties and issues. p. 143.

2. APPEAL.—*Right to Appeal.—Final Judgment.—Statute.*—Under §324 Burns 1914, §320 R. S. 1881, providing that in an action against defendants severally liable, plaintiff may pro-

ceed against those served, and afterwards proceed against those not served, where, in an action against two defendants, principal and surety, service was obtained only on the surety, judgment entered on the sustaining of the surety's demurrer to the complaint and plaintiff's refusal to plead further was a final judgment from which an appeal will lie, though the case was continued as to the defendant not served, since the judgment rendered adjudicates all the issues presented by the pleadings as to all the parties actually before the court. p. 145.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by the Lake Michigan Water Company against the United States Fidelity and Guaranty Company and another. From a judgment for defendant named, the plaintiff appeals, and appellee files motion to dismiss the appeal. *Motion to dismiss overruled.*

*Collins & Collins* and *Anderson, Parker, Crabill & Crumpacker,* for appellant.

*Kenefick & Kenefick* and *McInerny, Yeagley & McVicker,* for appellee.

FELT, J.—The appellee has moved to dismiss this appeal for the following reasons: (1) No final judgment has been rendered in the case from which an appeal may be taken. (2) The cause of action is still pending in the St. Joseph Circuit Court against one of the defendants, M. H. McGovern Company. (3) The M. H. McGovern Company was made a defendant in said cause and summons was issued for it, and on motion of appellant the cause was continued for service on said defendant, and is still pending.

The record shows that appellant filed its complaint in the Laporte Superior Court against M. H. McGovern Company, a corporation, and the United States Fidelity and Guaranty Company, on June 5, 1914, and ordered summons issued for both of such defendants, returnable June 17, 1914. The return of the sheriff shows service

MAY TERM, 1917.     143

Lake Mich. Water Co. *v.* U. S. Fidelity, etc., Co.—65 Ind. App. 141.

on the United States Fidelity and Guaranty Company but not on the M. H. McGovern Company. On motion of the United States Fidelity and Guaranty Company a change of venue was taken and the cause was transferred to the St. Joseph Circuit Court, where a second amended complaint was filed against both of said defendants, to which a demurrer by the United States Fidelity and Guaranty Company for insufficiency of facts alleged to state a cause of action against it, was sustained. The plaintiff, the appellant here, excepted to the ruling, elected to stand on its amended complaint, and refused to plead further. Thereupon the court rendered judgment that plaintiff take nothing by its complaint, and that the United States Fidelity and Guaranty Company recover its costs. "And this cause is now continued as to M. H. McGovern Company. And the plaintiff herein now prays an appeal to the Appellate Court of Indiana." The appeal was granted and appellant filed an appeal bond payable to United States Fidelity and Guaranty Company and M. H. McGovern Company.

A final judgment is one that disposes of all the issues, as to all the parties involved in the suit, presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues. *Neyens* v. *Flesher* (1906), 39 Ind. App. 399, 402, 79 N. E. 1087; *Wehmeier* v. *Mercantile Banking Co.* (1911), 49 Ind. App. 454, 456, 97 N. E. 558; *Northern, etc., Cable Co.* v. *Peoples Mut. Tel. Co.* (1915), 184 Ind. 267, 111 N. E. 4. Section 317 Burns 1914, §314 R. S. 1881, provided that: "A civil action shall be commenced, by filing in the office of the clerk a complaint, and causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons, but as

144    APPELLATE COURT OF INDIANA,

Lake Mich. Water Co. v. U. S. Fidelity, etc., Co.—65 Ind. App. 141.

to those against whom publication is made, from the time of the first publication."

Appellant resists the motion to dismiss the appeal on two grounds, viz.: (1) The M. H. McGovern Company is a foreign corporation and the action was not commenced as to it and could not be except by publication of notice. (2) The fact that a person's name is inserted in a complaint does not make him a party to the suit.

This is an action to recover damages on a contractor's bond given to secure the performance of a contract to install an intake pipe connecting appellant's pumping station and a crib in Lake Michigan near Michigan City, Indiana. It is alleged that the M. H. McGovern Company, the contractor, failed to perform its contract and the complaint demands a money judgment against it and the surety, the United States Fidelity and Guaranty Company. It is averred in the complaint, and the bond sued upon shows that the M. H. McGovern Company is an Illinois corporation. Section 319 Burns 1914, Acts 1893 p. 153, authorizes the service of process upon certain officers of either a domestic or foreign corporation, in certain instances, when found in this state. Section 322 of the same statute (Acts 1885 p. 155), on order of court or on verified application, authorized the giving of notice by publication in certain instances, the first of which is "where the defendant is a foreign corporation and has property within the state, or the cause of action arose therein." No application was made in this case for notice by publication. No relief is sought in the complaint except a personal judgment, and the fact that notice by publication would not authorize the taking of such judgment may reasonably be presumed to show why no such notice was given. Section 324 Burns 1914, §320 R. S. 1881), provides the method of procedure where the ac-

tion is against two or more defendants and service is only obtained on part of them. The obligation in this case falls within the second subdivision of said section, which provides that: "If the action be against defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants, and may afterwards proceed against those not served." This statute authorized the procedure in the case at bar. Although it preserves the right of the plaintiff to afterward proceed against defendants not served, the court cannot know that such right will be invoked, and is not authorized to assume that it will be, and on such presumption to treat the judgment as otherwise than final and appealable under the statute. The plaintiff had the right to proceed to final judgment against the defendant served with process, and had it obtained judgment in its favor, in the absence of an appeal, could have enforced it immediately against such defendant without further procedure against the defendant not served with process. The fact that the judgment obtained in this instance was in favor of the defendant actually in court does not alter the case, and on the face of the record such judgment is final and appealable because it adjudicates all the issues presented by the pleadings as to all the parties actually before the court, and in so far as the court can know, ends the litigation.

The facts of this case seem to indicate good reasons for the enactment of the statute and for such interpretation of it, for it is quite apparent that the plaintiff will not at any time seek to proceed in this jurisdiction against the McGovern company, a foreign corporation, to obtain a personal judgment against it not authorized by the law. We do not find that the question presented and decided has previously been passed upon by this

court or by our Supreme Court, but as tending to sup-port the conclusions announced we cite the following: §§594, 595 Burns 1914, §§568, 569 R. S. 1881; 1 Works' Practice (2d ed.) §121; *Hassler* v. *Hefele* (1898), 151 Ind. 391, 394, 50 N. E. 361; *Louisville, etc., R. Co.* v. *Treadway* (1895), 143 Ind. 689, 702, 40 N. E. 807, 41 N. E. 794; *Lower* v. *Franks* (1888), 115 Ind. 334, 337, 17 N. E. 630; *Carmien* v. *Whitaker* (1871), 36 Ind. 509, 510; *Davis, etc., Mfg. Co.* v. *Hillsboro Creamery Co.* (1893), 9 Ind. App. 553, 37 N. E. 294; *Hogan* v. *Robinson* (1884), 94 Ind. 138, 140; *Brannock* v. *Stocker* (1881), 76 Ind. 573, 574.

For the reasons above announced the motion to dis-miss the appeal should be and is hereby overruled.

NOTE.—Reported in 116 N. E. 744.