STIDHAM ET AL. *v.* STERRETT ET AL.

[No. 23,252.   Filed October 31, 1919.]

1. JUDGES.—*Change of.—Time for Filing Motion.*—Where, in a drainage proceeding, the court had heard argument on the first ground of remonstrance—that the report of the drainage commissioners was not according to law—and had ordered it referred to the commissioners for correction, a proper motion for change of judge, filed before the beginning of the trial on the other issues, was timely, and should have been granted, as there had been no submission of a question of fact such as is involved in the trial of an issue made.   p. 508.

2. JUDGES.—*Change of.—Discovery of Prejudice.—Rules of Court.*—Where there is a showing that the facts as to the bias and prejudice of the judge are not discovered until the day on which the motion for change is filed, a rule of court that an application for change of judge shall be made at least a specified number of days prior to a certain stage of the proceedings has no force.   p. 509.

3. APPEAL.—*Review.—Parties Entitled to Allege Error.*— Though a party that asked for a change of judge did not ask for a new trial, an appellant that excepted to the denial of the application for the change and assigned the denial as a cause for new trial, has a right to have reviewed such assignment, since the application of one coparty for a change of judge binds and directly affects all coparties.   p. 509.

·4. APPEAL.—*Error in Denying Change of Judge.—Presumption.* —The duty to grant a proper motion for change of judge being imperative, the error in denying an application therefor, while not rendering void the subsequent proceedings, is of such vital importance that it is presumed to be harmful.   p. 509.

From Tippecanoe Circuit Court; *Burton B. Berry,* Judge.

Petition by Kiley C. Sterrett and others for a drain, to which Charles Stidham and others filed remonstrances.   From a judgment for the petitioners, Sterrett and others appeal.   *Reversed.*

*Allen Boulds* and *George P. Haywood,* for appellants. *Kiley C. Sterrett,* for appellees.

HARVEY, J.—This proceeding is based on a petition

alleging that a certain ditch theretofore established by order of court is out of repair and not sufficient to properly perform its intended purpose. That the same can be made to perform said purpose by straightening and tiling the same, covering the tile, and by adding branches thereto. After proper proceedings without remonstrance on the part of any defendant, the court found the petition sufficient, and referred the same to drainage commissioners. The commissioners reported favorably and recommended the addition of nineteen branches. Thereupon numerous remonstrances were filed. The first cause in all said remonstrances was that the report was not according to law, the claim of remonstrators being that the report should more specifically describe said branches.

The court heard argument on this first ground of remonstrance, but upon no other point. The court referred the report to the commissioners, with direction that they make the same more specific as to said branches. This was done. Thereafter a day was set for the trial of the issues made by remonstrance. Before the beginning of such trial one Martin, a remonstrator, filed a sufficient motion for a change of judge. This motion was overruled, and to this ruling said Martin and all other remonstrators excepted. The denial of said change is a cause set out in the motion of appellant for a new trial.

Appellees claim that the motion for a change of judge came too late, as the cause had theretofore been submitted to the court for hearing, and had been partially heard.

As we read the record, there had been a submission of only one question to the court, and that was a proposition of law at a stage of the proceedings at which, it may be fairly said, the issues were being formed, to wit, the preparation and filing of a proper report. No ques-

tion of fact, such as is involved in the trial of an issue made, had been theretofore submitted to the court.

If there be a rule of said circuit court to the effect that an application for a change of judge shall be made at least a specified number of days prior to a certain named stage of the proceedings, such a rule had no force here, as the affidavit here being considered alleged that the facts as to the bias and prejudice of the judge were not discovered until the day the motion for such change was filed. The application for a change of judge was within time, and a denial of the same was erroneous.

It is claimed that, if it be held that the application was filed within time, the party appealing and here assigning as error the order denying the change, has no standing so far as said question is concerned, because Martin, the party who asked the change of venue, did not ask for a new trial.

We find that the party appealing excepted to the denial of the application for a change of judge, asked for a new trial, and assigned said refusal to grant such change as a cause therefor. Inasmuch as the application of one joint party for a change binds and directly affects all coparties, it would seem to follow that each coparty should have a right to review said ruling on appeal, and, if so, should be permitted to save said question by exception and motion for a new trial. *Dill* v. *Fraze* (1907), 169 Ind. 53, 79 N. E. 971.

The duty to grant the motion being imperative, we hold that the then judge should not have proceeded with the cause. Though the proceedings thereafter are not void, the error in refusing the change is of such vital importance, and presumed to be harmful, that the proceedings should have been then and there stopped and submitted to another judge.

Because other questions here presented, on the fur-

ther proceedings, may not again be presented under the same circumstances, we do not pass upon them.

Judgment is reversed, with the direction that the motion for a new trial and the motion for a change of judge be granted.

NOTE.—Reported in 124 N. E. 697.