## CLARKE ET AL. v. HARRIS.

[No. 10,848.   Filed June 28, 1921.]

1. ATTORNEY AND CLIENT.—*Lien for Attorney's Fees.—Proceedings to Annul.—Service of Summons.—Statutes.* Where attorneys entered on the margin of the record a notice of their intention to hold a lien under §8278 Burns 1914, §5276 R. S. 1881, for services rendered the judgment creditor, the filing of a petition by the judgment creditor seeking to have the claim expunged from the record did not constitute the commencement of an action requiring the service of process under §540 Burns 1914, §516 R. S. 1881, but merely invoked the court's aid to remove an alleged cloud upon the judgment creditor's right to receive the proceeds of his judgment, and it was proper for the court, upon reasonable notice, to order the attorneys to appear and show cause why the prayer of such petition should not be granted, and, since no provision is made for the enforcement of liens on judgments rendered by them, make necessary orders for their enforcement and for the removal of clouds on judgments created by unreasonable claims, and the questions presented may be determined in a summary manner provided the judgment is unsatisfied or the proceeds thereof are *in transitu.*   p. 188.

2. JUDGES.—*Right to Change of Venue from Judge.—Proceedings to Expunge Claim for Attorney's Lien from Record.—Statute.*—Under §422a Burns 1914, Acts 1913 p. 314, providing for a change of venue from the judge in any matter not triable by jury, a change of venue from the judge may be claimed in a summary proceeding to question the validity of an attorney's lien claimed under §8278 Burns 1914, §5276 R. S. 1881. p. 189.

3. APPEAL.—*Review.—Parties Entitled to Allege Error.*—In a proceeding to question the validity of a lien for services claimed by attorneys, although only one of the attorneys applied for a change of venue from the judge, but both excepted to the ruling refusing the change, both are entitled to have the ruling reviewed on appeal. p. 190.

4. JURY.—*Right to Trial by Jury.*—*Enforcement of Liens.*—The enforcement of liens is of exclusive equitable cognizance, and, therefore, not triable by jury.  p. 190.

5. JURY.- -*Right to Trial by Jury.*—*Proceedings to Expunge Attorney's Claim for Lien Expunged from Record.* Where attorneys entered on the margin of the record a notice of the intention to hold a lien under §8278 Burns 1914, §5276 R. S. 1881, for services rendered the judgment creditor, and they were ordered to appear to show cause why the claim should not be expunged from the record on the judgment creditor's petition therefor, they were not entitled to a trial by jury, the proceeding being one in equity.  p. 190.

From Marion Superior Court (103,684) ; *W. W. Thornton,* Judge.

Action by Elijah G. Harris for personal injuries in which Charles B. Clarke and another filed notice of a lien on a judgment for plaintiff for attorney's fees. From an order effacing the entry of notice from the record, the attorneys appeal.  *Reversed.*

*Martin M. Hugg,* for appellants.

*Joseph R. Williams* and *Chalmer Schlosser,* for appellee.

BATMAN, J.—Appellants were employed by appellee to prosecute an action against the Big Four Railway Company for damages on account of personal injuries. They instituted such an action, and performed other services with reference to the formation of issues, and preparation for trial. Before a trial was had appellants' said employment was terminated. Appellee employed other attorneys, who continued the prosecution of said cause, resulting in a verdict in favor of appellee for $17,500, on which judgment was duly rendered on June 26, 1917. On June 28, 1917, appellants entered upon the margin of the record thereof a notice of their intention to hold a lien thereon for legal services rendered appellee in said cause in the sum of $2,625. Said judgment was afterwards compromised

for $13,000, which sum was paid to the clerk of the court in which the same was rendered in settlement thereof. Appellee filed his petition in the cause and in the court in which said judgment was rendered, asking an order expunging the alleged claim of appellants from the record, and directing the clerk of said court to pay him the amount retained by reason thereof. On December 13, 1919, the court entered an order requiring appellants to appear on December 20, 1919, and show cause why the prayer of appellee's petition should not be granted. On the day last named appellants entered their special appearance, and moved the court to quash and suppress the summons or notice issued for them on said petition on the grounds that they had not had notice of the pendency of said petition for ten days before the day fixed for their appearance; that they were not parties to the record in said cause at the time the judgment therein was rendered; and that said cause had been finally determined, and said judgment had been compromised and paid. This motion was overruled, and thereupon appellant Charles B. Clarke moved the court to change the venue of said cause from the judge before whom said petition was pending, and supported the same by his own affidavit, which motion was overruled, and to which ruling both appellants excepted. Appellants, prior to the beginning of the hearing on said petition, requested a trial of the matters set forth therein by a jury, which request was denied. On the day set for the hearing of said petition, appellants filed what they designated as a special appearance and response to appellee's petition, by which they unsuccessfully challenged the jurisdiction of the court both as to the subject-matter thereof and as to their persons. A trial resulted in an order effacing appellants' said entry on the margin of appellee's said judgment, and annulling their pretended lien thereon for attorney's fees, but

expressly providing that such order should not prevent appellants from recovering from appellee in an action at law the value of whatever services, if any, they may have rendered appellee in said cause. Appellants filed a motion for a new trial which was overruled, and are now prosecuting this appeal on an assignment of errors which require a consideration of the questions hereinafter determined.

Appellants contend that the court erred in overruling their motion, made under a special appearance, to quash and suppress the summons or notice requiring them to appear and show cause why the prayer of appellee's petition should not be granted. In support of this contention they assert, that after judgment has been rendered in a cause and the term has been closed, the power of the court ceases, and it cannot resurrect the cause for the purpose of performing any further judicial functions therein. We do not question this rule of law, but it has no application in this case, as the petition filed by appellee does not ask the court to disturb the judgment theretofore rendered in the cause in any wise, but merely to determine a question with reference thereto, which has arisen between him and certain of his attorneys. The filing of such petition in the original cause was not the beginning of an action against appellants, which required the service of process in compliance with §540 Burns 1914, §516 R. S. 1881. It merely invoked the aid of the court for the purpose of removing an alleged cloud upon appellee's right to receive the proceeds of his judgment, placed thereon by appellants. While an original action might have been brought to determine the rights of the parties, the procedure followed by appellee has been recognized as a proper one in a number of jurisdictions, and the questions thus raised have been determined in a summary manner. 6 C. J. 794; *Dahlstrom* v.

*Featherstone* (1910), 18 Idaho 179, 110 Pac. 243; *Prichard* v. *Fulmer* (1916), 22 N. Mex. 134, 159 Pac. 39, 2 A. L. R. 474; *Goodrich* v. *McDonald* (1888), 112 N. Y. 157, 19 N. E. 649; *Reynolds* v. *Reynolds* (1880), 10 Neb. 574, 7 N. W. 322; *Weicher* v. *Cargill* (1902), 86 Minn. 271, 90 N..W. 402; *Canary* v. *Russell* (1894), 10 Misc. Rep. 597, 31 N. Y. Supp. 291.  In the absence of a statute, courts have exercised this authority by virtue of their equitable jurisdiction, or under the theory of their absolute power, control and authority over their own judgments.  In this state we have statutory provisions for liens on judgments in favor of attorneys employed to obtain them, and for giving notices of their intention to hold the same.  §8278 Burns 1914, §5276 R. S. 1881.  No provision is made, however, for the enforcement of such liens, or the removal of clouds created by such notices where no such liens exist.  This being true, courts must exercise their equitable jurisdiction, in determining the existence and extent of attorney's liens on judgments rendered by them, make all necessary orders for their enforcement, and for the removal of clouds on judgments created by unwarranted claims of such liens.  In view of the authorities cited, we are clearly of the opinion that this may be done in a summary manner on reasonable notice, by petition filed in the cause in which the judgment was rendered, by either the attorney or his client, so long as the same remains unsatisfied, or the proceeds thereof are *in transitu*.  We conclude that the court did not err in overruling the motion under consideration.

Appellants predicate error on the action of the court in denying a change of venue from the judge before whom said petition was pending, based on an application of one of the appellants.  Section 422a Burns 1914, Acts 1913 p. 314, provides: "That when any matter of a civil, statutory or equitable na-

ture not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit showing any one or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions." We are of the opinion that the questions presented by appellee's petition fall clearly within this statute, and entitled appellants to a change of venue from the judge on the application made therefor. Appellee calls our attention to the fact that only one of the appellants made an application for such change, but as both excepted to the ruling thereon, both are entitled to have the same reviewed on appeal. *Stidham* v. *Sterrett* (1919), 188 Ind. 507, 124 N. E. 697. We conclude that the court erred in denying the application for a change of venue from the judge.

Appellants contend that the court erred in refusing their demand for a trial by a jury. It is well settled that the enforcement of liens is of exclusive equitable cognizance, and therefore not triable by jury. *Hassler* v. *Hefele* (1898), 151 Ind. 391, 50 N. E. 361; *Brighton* v. *White* (1891), 128 Ind. 320, 27 N. E. 620; *Albrecht* v. *Foster Lumber Co.* (1890), 126 Ind. 318, 26 N. E. 157; *Coleman* v. *Floyd* (1892), 131 Ind. 330, 31 N. E. 75. It has been held that in the absence of a statute making provision for the enforcement of an attorney's lien, a court of equity would be the only court that would have jurisdiction to enforce the same. *Standidge* v. *Chicago R. Co.* (1912), 254 Ill. 524, 98 N. E. 963, 40 L. R. A. (N. S.) 529, Ann. Cas. 1913C 65. If only courts of equity may enforce a lien, in the absence of a statute making other provisions therefor, it follows that only such courts may cancel the same, or remove a cloud on a judgment by reason of an unwarranted notice that such

a lien exists thereon. It has been expressly held that such a court may, on a proper showing cancel an attorney's lien. *Vivian, etc., Co.* v. *Cahall* (1915), 184 Ind. 473, 110 N. E. 672. There was no error in refusing appellants' demand for a trial by jury.

Appellants also insist that the court erred in assuming jurisdiction of the subject-matter of appellee's petition. Based on the reasons given and the authorities cited in considering other questions determined, we hold that this contention on the part of appellants is not well taken. Because of the error above indicated, the judgment is reversed, with instructions to the trial court to sustain appellants' motion for a new trial, to grant the application made for a change of venue, and for further proceedings consistent with this opinion.