STATE EX REL. VAN HORNE *v.* SULLIVAN.

[No. 26,347.   Filed January 30, 1934.   Rehearing denied March 7, 1934.]

*Willard B. Van Horne,* for relator.

*J. D. Kennedy* and *Fred Barnett,* for respondent.

HUGHES, J.—This is an original action for mandate by the relator Winslow Van Horne against T. Joseph Sullivan, as judge of the Lake Circuit Court, commanding him to grant the relator a change of venue from the said T. Joseph Sullivan as judge in a certain action then pending in said court.

In the complaint the relator asked for a change from the judge and also from the county. The relator later filed a substituted motion to amend the complaint and writ, merely asking that an alternative write of mandate be issued commanding that the Honorable T. Joseph Sullivan grant a change of venue from himself.

The respondent has filed objections to the filing of the amendment. We see no reason why the amendment should not be filed and we have therefore permitted it to be filed.

The respondent has also filed a demurrer to the complaint or petition of the relator on the grounds that said petition or complaint does not state facts sufficient to constitute a cause of action against the respondent.

It appears from the complaint and also from the answer of the respondent that on June 1, 1926, in the Lake Circuit Court, in cause No. 17,145, one Dan Stirminski was adjudged a spendthrift and drunkard and the Citizens Trust and Savings Bank, of Indiana Harbor, was appointed guardian of said party and the same was docketed in said court as Guardianship Estate No. 1078; that afterwards the said Citizens Trust and Savings Bank failed and a receiver was appointed for said bank; the receiver filed a final report in said guardianship on September 30, 1932, which was approved, and the relator Winslow Van Horne was appointed guardian of said Stirminski; that on November 29, 1932, the children and sole heirs at law of said Striminski filed a petition in said court to require the

guardian to file a final report in said guardianship and make distribution; the court set the same for hearing and ordered the guardian to file a final report in said guardianship, and on January 25, 1933, he filed a final report which the court approved, but ordered the guardian to hold certain property as trustee, under a trust agreement heretofore had and approved by the court, and that the said Van Horne would be discharged as guardian and continued as trustee, and the cause was re-docketed as a trusteeship, as cause No. 23810. That on June 8, 1933, all of the children of said Stirminski and Daniel Stirminski, Jr., as administrator of the estate of Dan Stirminski, appeared in court and asked that all the assets of said estate be turned over to the administrator and to set aside the order by which Van Horne was appointed trustee. That on June 20, 1933, the said heirs and children of Dan Stirminski and Daniel Stirminski, administrator of said estate, filed a petition to terminate the trust estate and that Van Horne as trustee make a full and complete accounting.

It is the contention of the respondent, and he so states in his answer, that when the petition of June 8, 1933, was filed, or offered to be filed, he, as judge, ordered notice to Van Horne, as trustee under cause No. 23810, and to the receiver of the Citizens Trust and Savings Bank of Indiana Harbor, returnable June 16, 1933, at 9:00 A. M., and that on said date the parties appeared in court and arguments were heard. That the court at said time suggested that a petition also be filed in the trusteeship, cause No. 23810, and that both matters would be heard at the same time and as one matter. The respondent in his answer further contends that on June 16, 1933, he set the matter for trial, by agreement of the parties, for June 20, 1933; that on said day the parties appeared and said Dan Stirminski et al. then filed their petition asking that the proceedings under said trust be had and by agreement of parties said

cause was continued and set for hearing June 21, 1933. That the parties appeared on June 21, 1933, and Van Horne filed several motions and a demurrer in said cause, all of which were overruled. He then filed a motion for change of judge which was overruled be-- cause it did not comply with the rule of said court which required that such motion be filed at least three days before the day the case is set for trial. Relator then tendered and offered to file an affidavit for change of venue from the judge as follows: (Caption omitted) "Winslow Van Horne being first duly sworn says on his oath that he is the trustee in the above entitled trust and is the defendant in the petition filed by Dan Stirminski, Jr., Dan Stirminski, Jr., Adm. of the Estate of Dan Stirminski, deceased, Louis Stirminski, Helen Boda, and Mary Hines, to terminte said trust and distribute the assets thereof, and that he can not have a fair and impartial trial thereof before the Honorable T. Joseph Sullivan, Judge of the Lake Circuit Court, for the following reasons, to.wit: on account of the bias and prejudice of said Judge against this trustee and because said Judge is a material witness in this cause for this Trustee; that said petition was not filed until June 20, 1933, and this trustee could not file this motion for a change of venue on said petition until after the petition was filed, but that he makes this affidavit at the first opportunity and on the first day of court after said petition was filed; that he did not know of said bias and prejudice until June 21, 1933; that he learned of said bias and prejudice from the conduct of said judge and counsel on said 21st day of June, 1933, and makes this affidavit at the first opportunity thereafter.

WINSLOW VAN HORNE.

Subscribed and sworn to before me this 21st day of June, 1933.

GEORGE W. SWEIGART,
Clerk Lake Circuit Court."

The court refused said tender and offer to file the aforesaid affidavit.

The relator also filed an affidavit for a change of venue from the county which was overruled but he has waived this question by his amendment to his complaint.

After the court refused relator to file the foregoing affidavit for a change from the judge, the relator, as trustee, on the same day, June 21, 1933, filed a general denial, a special verified answer and a plea of former adjudication to the petition. The cause was then submitted to the court for trial, evidence was heard in part on June 21, 1933, and the cause was then continued to June 27, 1933, and on June 26, the relator filed in this court his petition for a writ of mandate.

Section 2-1401, Burns Ind. Stat. 1933, §190, Baldwin's Ind. Ann. Stat. 1934, relative to a change of venue provides: "The court, in term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following reasons . . . 6th. That the judge of the court wherein such action is pending is a material witness for the party applying for such change. 7th. When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending."

Section 2-1402, Burns Ind. Stat. 1933, §193, Baldwin's Ind. Ann. Stat. 1934, provides: "When any matter of a civil, statutory, or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney showing any one or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions. And the presiding judge shall make an

appointment of a special judge to hear such cause in the manner provided by law for changes of venue in civil actions."

Section 2-1403, Burns Ind. Stat. 1933, §3024, Baldwin's Ind. Ann. Stat. 1934, provides: "In any action, proceeding or matter, of any character or nature whatever, relating to, connected with or involving, the estate of a decedent, in any manner whatever, any of the parties thereto shall be entitled to a change of judge or a change of venue from the county for the same reasons, and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county in any civil action; Provided, however, that nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent."

There can be no question that under the provisions of the foregoing sections of the Indiana statutes there is a right to a change of judge or change of venue from the county by either of the parties in a proceeding such as in the instant case.

It has been repeatedly decided by this court that when a proper affidavit has been made and filed in proper time for the reasons assigned in the affidavit and motion of the relator a change of judge must be granted and the court has no discretion in the matter. It becomes its imperative duty to grant the change. It would seem useless to cite cases upon this proposition. *Fidelity Co.* v. *Carroll* (1917), 186 Ind. 633, 117 N. E. 858; *State ex rel.* v. *DeBaun* (1926), 198 Ind. 661, 154 N. E. 492; *Burkett* v. *Holman* (1885), 104 Ind. 6, 3 N. E. 406; *State ex rel.* v. *Leathers* (1925), 197 Ind. 97, 149 N. E. 900.

The respondent insists that mandate will not lie to compel judicial discretion. In the instant case the

court had no discretion, but, under the statute, an imperative duty to act, and the cases cited by respondent upon this proposition are not in point.

The respondent further contends that as the relator did not file his affidavit for a change on June 16, June 20, or at the beginning of the trial on June 21, he thereby lost his right to file an affidavit for a change of judge. It must be remembered, however, that the petition in question was not filed until June 20, and therefore it could not have been filed on the 16, and the affidavit states that the affiant did not know of the bias and prejudice of the judge until June 21, the day of trial, and that he made the affidavit at the first opportunity after learning of said bias and prejudice. It is true, as shown by the complaint or petition and the answer of the respondent, that prior to the time of the tender and offer to file the affidavit on June 21, some preliminary motions had been disposed of. The tender and offer to file was before the trial of the issues actually began and the court ordered the trial to proceed and the relator took part therein but this fact did not take away the right of the relator to file the affidavit nor the duty of the court to grant the change.

The rule of the Lake Circuit Court requiring that applications for a change of venue from the county or a change of judge should be filed at least three days before the day set for trial can have no application in the instant case for the reason that the affidavit states that the bias and prejudice of the judge was not discovered until the day of trial. *Shoemaker* v. *Smith* (1881), 74 Ind. 71; *Thorn* v. *Silver* (1910), 174 Ind. 504, 92 N. E. 161; *Stidham* v. *Sterrett* (1919), 188 Ind. 507, 124 N. E. 697.

Under the facts as they appear from the petition of the relator and the answer of the respondent, we are

clearly of the opinion that the respondent erred in not permitting the relator to file the affidavit offered and tendered by the relator and to grant the change of judge.

The Lake Circuit Court and the Respondent herein are hereby ordered to permit the filing of the affidavit for a change of judge by the relator and to grant the change thereof.