FEUERSTEIN ET AL. *v.* BAUMEISTER, ADMX.

[No. 15,848. Filed May 24, 1937.]

*Oscar B. Thiel*, and *Morris Chudon*, for appellant.

*Steward & Steward*, and *J. Edwin Smith*, for appellee.

WOOD, J.—The appellee has filed a motion to dismiss this appeal, alleging four different grounds therefor, only one of which is necessary for us to consider, namely: that the judgment from which appellants attempt to prosecute this appeal is not a final judgment, in that it does not dispose of the cause both as to the subject-matter and the parties so far as the lower court in which the cause was pending had power so to do.

The appellee brought an action by a complaint in two paragraphs against Helen Feuerstein, Ben Swinney, Helen Feuerstein, and Leon Feuerstein, doing business under the firm name and style of Safeway State Taxi Company, as defendants, to recover damages alleged to have been sustained by appellee, because of the death of one, Harold E. Baumeister, as the result of the wrongful and negligent conduct of said defendants. The record shows that in the first instance one M. Mahoney, whose true Christian name is unknown, and one E. Mahoney, whose true Christian name is unknown, were named and designated as defendants, but thereafter, by stipulation of the parties, Leon Feuerstein was substituted in the name, place and stead of said M. Mahoney and the cause was dismissed as to said E. Mahoney, so the two Mahoneys passed completely out of the cause as defendants, leaving as the only defendants to the cause those herein first above named, who closed the issues by answers in general denial.

On the issues thus formed the cause was tried by the court and a jury, which jury returned a verdict in words and figures as follows: "We, the jury, find for

the plaintiff, that she should recover of and from the defendants the sum of $5,000."

On this verdict the court rendered a judgment in words and figures as follows: "It is now considered, adjudged and decreed, that the plaintiff do have and recover of and from the defendants, Helen Feuerstein, Ben Swinney, Helen Feuerstein and E. Mahoney, whose true Christian name is unknown, and M. Mahoney, whose true Christian name is unknown, doing business under the firm name and style of Safeway State Taxi Company the sum of $5,000 damages."

Since the Mahoneys were no longer parties to the action, and the court had no jurisdiction over them, the judgment insofar as it sought to bind them was a nullity. *Robertson* v. *State ex rel. Smith* (1886), 109 Ind. 79, 10 N. E. 582; *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 103 N. E. 10; *Davis & Rankin Co.* v. *Hillsboro, etc., Co.* (1893), 9 Ind. App. 553, 37 N. E. 294.

But the infirmity in this judgment lies in the fact that there is no final judgment against the defendant, Leon Feuerstein. It is not in conformity with the verdict. "When a trial by jury has been had, and a general verdict rendered, the judgment must be in conformity to the verdict." Sec. 2-2501 Burns 1933, Sec. 373 Baldwin's Ind. St. 1934.

In the recent case of *Brown* v. *Pasko* (1936), 102 Ind. App. 220, 200 N. E. 430, in discussing judgment from which appeals could be prosecuted, this court said (p. 221) : "The right to appeal is of statutory origin. It is a remedy given by statute and not a vested right. *Collins* v. *Laybold* (1914), 182 Ind. 126, 133, 104, N. E. 971; *Catherwood* v. *McIntyre* (1935), 99 Ind. App. 220, 192 N. E. 109. Our statute (Burns' Ind. Ann. 1933, §2-3201, section 471 Baldwin's Ind. St. 1934) gives the right of appeal only from final judgments. In the

case of *Wayne Sewer & Drain Co.* v. *Ward Cowen C.nst. Co.* (1919), 72 Ind. App. 437, 125 N. E. 64, this court in discussing what constitutes a final judgment, said: 'A final judgment is one that at once disposes of all the issues, as to all the parties involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties, and all of such issues.' Many authorities are cited to sustain this conclusion, and our Supreme Court denied a petition to transfer. Later decisions are to the same effect. See *Wisconsin Lumber & Coal Co.* v. *Wall* (1926), 84 Ind. App. 642, 151 N. E. 830; *Wall* v. *City of Muncie* (1929), 201 Ind. 170, 166 N. E. 659; *Gray* v. *Gray* (1931), 202 Ind. 485, 176 N. E. 105." See also *Enmeier* v. *Blaize* (1932), 203 Ind. 303, 179 N. E. 783.

No final judgment having been rendered, disposing of all the issues as to all the parties involved in this cause, this court does not have jurisdiction to entertain this appeal and it is dismissed.

Curtis, J. not participating.